IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

DAVID FINNEMAN,

      Plaintiff,

v.

UNITED STATES DEPARTMENT OF
AGRICULTURE, RISK MANAGEMENT
AGENCY, and FEDERAL CROP
INSURANCE CORPORATION,

      Defendants.

Case No.: 5:23-cv-5034

# COMPLAINT

COMES NOW the Plaintiff, David Finneman, by and through counsel, and for his cause of action against the Defendants, United States Department of Agriculture, Risk Management Agency and Federal Crop Insurance Corporation, states as follows:

## I. PARTIES

1. Plaintiff David Finneman is an adult resident of Pennington County, South Dakota, engaged in the business of farming in Pennington County and is the named insured under a policy of federally reinsured Whole Farm Revenue Protection (WFRP) crop insurance issued by Approved Insurance Provider ("AIP") Producers Agriculture Insurance Company ("Pro Ag").

2. Defendant United States Department of Agriculture ("USDA") is a department of the United States federal government and parent agency of Defendant Risk Management Agency ("RMA"), which in turn administers Defendant Federal Crop Insurance Corporation ("FCIC"), a wholly government-owned entity (collectively, "Agency Defendants"). The Agency Defendants

may be served with process of this Court by serving copies of the Summons and Complaint at the following addresses:

> Alison J. Ramsdell, USA
> District of South Dakota
> 325 South 1st Avenue, Suite 300
> Post Office Box 2638
> Sioux Falls, South Dakota 57101-2638
>
> Attorney General Merrick B. Garland
> 950 Pennsylvania Avenue Northwest
> Washington, D.C. 20530-0001
>
> Risk Management Agency
> Attn: Director of Administrative Review Division
> 1400 Independence Avenue SW, Stop 0806
> Washington, DC 20250-0806

## II. JURISDICTION AND VENUE

3. The Plaintiff's cause of action arises from the Defendant RMA's adverse decision in response to Plaintiff's request for a noncompliance determination under his WFRP Policy and 7 C.F.R. §400.352(b)(4), *i.e.*, a determination that the AIP, its employee, agent or loss adjuster failed to comply with the terms of the policy or procedures issued by FCIC and such failure resulted in the insured receiving a payment in an amount that is less than the amount to which the insured was entitled.

4. On April 25, 2023, USDA's National Appeals Division ("NAD"), by and through its Director Frank M. Wood, upheld the adverse decision that RMA lacked the authority to issue a noncompliance determination under his WFRP Policy and 7 C.F.R. §400.352(b)(4).

5. Plaintiff David Finneman has exhausted all administrative remedies and hereby seeks *de novo* review as a matter of right pursuant to 5 U.S.C. §706(2)(f).

6. The determination made by the Agency Defendants amounts to an abuse of discretion and is unwarranted by the facts to the extent that the facts are subject to trial *de novo* by the reviewing District Court.

7. Therefore, the United States District Court for the District of South Dakota, Western Division, has exclusive jurisdiction over this action pursuant to 5 U.S.C § 701, *et. seq.*, 7 C.F.R § 11.13, 7 U.S.C § 1508 and 28 U.S.C §1131.

8. All of the wrongs complained herein arise from regulatory interpretations made by the Agency Defendants with respect to Plaintiff's 2017 WFRP policy in Pennington County, South Dakota. Therefore, venue is appropriate in the Western Division of the District of South Dakota. *See* 28 U.S.C §1391(e).

### III. STATEMENT OF FACTS

9. In crop year 2017, Plaintiff David Finneman applied for and was issued a policy of Whole Farm Revenue Protection (WFRP) through Pro Ag, Policy No. 2017-46-987-1029811. *See* Exhibit 1 & Exhibit 2.

10. Finneman provided Pro Ag with true, accurate and timely information regarding his current and past farming operation as solicited by Pro Ag's duly appointed agent, Stuart Hofer, of Pickard Insurance Services, of Volga, South Dakota.

11. Moreover, in 2017, Pro Ag insured all crops in all counties and states farmed by Finneman and by any entity in which he held any substantial beneficial interest.

12. Crop year 2017 was the first year that David Finneman farmed in his individual capacity, having previously farmed as part of a South Dakota limited liability company, C & D Acres, LLC.

13. C & D Acres, LLC was established by David and his wife Connie (hence the "C & D"), but by Dissociation filed with the South Dakota Secretary of State on May 16, 2011, Connie Finneman "voluntarily dissociate[d] from C & D Acres LLC because of physical and health reasons." *See* Exhibit 3.

14. Thereafter, C & D Acres, LLC continued to farm as a single-member LLC, including the following crops insured by Pro Ag under traditional Multiple Peril Crop Insurance (MPCI)[1] policies *in crop year 2017*:

| Pro Ag Policy No. | Crop | Acres | County, State |
|---|---|---|---|
| 20-987-1031310 | Soybeans | 213.3 | Kingman County, Kansas |
| 46-987-1031311 | Safflower | 178.4 | Pennington County, South Dakota |
| 46-987-1031314 | Safflower | 473.7 | Meade County, South Dakota |
| 46-987-1031638 | Soybeans | 53.2 | Aurora County, South Dakota |
| 46-987-1031641 | Soybeans | 124.9 | Jerauld County, South Dakota |

*See* Exhibits 4, 5, 6, 7 & 8.

15. In addition to C & D Acres, LLC's 2017 crops listed above (and insured by separate Pro Ag MPCI policies as provided), David Finneman farmed in his individual capacity 316.0 acres of non-irrigated corn and 280.0 acres of non-irrigated safflower in Pennington County, South Dakota.

16. Although available (at least for the safflower), Finneman did not take out a separate MPCI policy on the corn and safflower acres farmed in his individual capacity and covered by Pro Ag WFRP Policy No. 2017-46-987-1029811.

---

[1] MPCI is the traditional federally reinsured insurance that insures a stated yield, or production guarantee, based upon the insured's actual production history, at a price established by Risk Management Agency. MPCI and WFRP are two separate policies, and WFRP may cover commodities for which MPCI is not available. The same physical crops and acres may be insured under separate MPCI and WFRP policies, but under the terms of the WFRP policy, any MPCI indemnity is counted as part of the "Revenue-to-Count."

17. Following acceptance of Finneman's WFRP application, Pro Ag issued a Schedule of Insurance for Policy No. 2017-46-987-1029811, confirming "Whole-Farm Liability" of $147,096 and "MPCI Liability" of zero. *See* Exhibit 2.

18. Notably, no "Associated Underlying MPCI Coverage" is listed in the Pro Ag WFRP *Schedule of Insurance*. *Id.*

19. It is undisputed that David Finneman incurred an otherwise insurable loss under his 2017 WFRP Policy.

20. Furthermore, it is undisputed that the corn and safflower acres insured under Pro Ag WFRP Policy No. 2017-46-987-1029811 produced no revenue. *See* Exhibit 9 at 2.

21. However, in its April 20, 2018, letter, Pro Ag advised Finneman that WFRP Policy No. 2017-46-987-1029811 was being voided, that Pro Ag's "Whole-Farm Liability" was being revised to zero and that Pro Ag would be keeping 20 percent of his previously paid premium. *See* Exhibit 9.

22. Specifically, Pro Ag determined that Connie Finneman, David's wife, had a substantial beneficial interest (SBI) in the crops insured under Pro Ag Policy No. 2017-46-987-1029811, having failed to meet the "legally separated" requirement of the WFRP Policy and FAD-049. *See* Exhibit 1.

23. The "legally separated" issue was resolved in the arbitration in favor of David Finneman by Arbitrator's Order dated January 13, 2020. *See* Exhibit 10.

24. Pro Ag nevertheless maintained its contention that no liability was due under Pro Ag Policy No. 2017-46-987-1029811, having reviewed and revised various aspects of the WFRP Policy, and having reduced Finneman's guaranteed "Whole-Farm Liability" of $147,096 to net zero. *See* Exhibit 2.

25. Following written submissions by the parties and oral argument of their respective positions, Arbitrator David A. Allgeyer issued his June 20, 2022 (mislabeled "2020"), Findings, Determinations, and Award. *See* Exhibit 11.

26. On July 19, 2022, Pro Ag filed its Petition to Vacate or, in the Alternative, Nullify Arbitration Award in the U.S. District Court for the District of South Dakota, Western Division, Case No. 5:22-CV-05062-KES.

27. In response, David Finneman filed his Answer and Counterclaim in Case No. 5:22-CV-05062-KES on October 7, 2022, requesting confirmation of the arbitration award.

28. Alternatively, Plaintiff seeks the award of compensatory damages, punitive damages, and attorney's fees and costs under state law and as permitted under 7 C.F.R. §400.352 (b)(4).

29. Simultaneously, David Finneman requested a RMA determination pursuant to Section 33 of the WFRP Policy and 7 C.F.R. §400.352(b)(4), that Pro Ag failed to comply with the terms of Finneman's 2017 federally reinsured crop insurance policy and the procedures of the FCIC, which resulted in Finneman receiving payment in an amount less than the amount to which he was entitled. *See* Exhibit 12.

30. On October 31, 2022, Defendant RMA issued a final decision letter denying Plaintiff's request for a non-compliance determination, refusing to take up the issue. *See* Exhibit 13.

31. David Finneman then appealed RMA's adverse decision on November 29, 2022, through Defendant USDA's National Appeals Division. On January 18, 2023, David Finneman requested a determination on record review. *See* Exhibit 14.

32. Defendant RMA determined the Agency lacked the authority to issue a compliance determination due to the lack of an equivalent provision to Section 20(i) within the 2017 WFRP

Policy. "Regretfully, the 2017 WFRP Policy, which the arbitration was based on, does not have a contract provision which authorizes the DAC to provide such a determination." *See* Exhibit 13.

33. On February 22, 2023, Hearing Officer Ryan M. Eagleson issued a finding on record review that Defendant RMA did not err in its decision in refusing to render a compliance determination. *See* Exhibit 15.

34. Plaintiff David Finneman disputed the conclusions of the February 22, 2023, Appeal Determination, and sought a final administrative Director Review through Defendant USDA's National Appeals Division. *See* Exhibit 16.

35. USDA's National Appeals Division, by and through its Director Frank M. Wood, issued a determination dated April 25, 2023, upholding the adverse decision of Hearing Officer Eagleson, thus exhausting Plaintiff's administrative remedies. *See* Exhibit 17.

36. The Director of NAD upheld Defendant RMA's determination that the Agency lacked authority to issue a compliance determination in absence of a permitting contractual provision or "an equivalent clause allowing producers to pursue damages with RMA's blessing[.]" *See* Exhibit 13; Exhibit 15; Exhibit 16.

37. However, RMA has consistently equated the provisions of 7 CFR § 400.352 to Section 20(i) of the *Basic Provisions*. *See* Exhibits 18, 19, & 20.

38. Defendant RMA incorrectly applied controlling law in failing and refusing to issue a noncompliance determination under 7 C.F.R. §400.352(b)(4), provisions of which state:

> (b) The following is a non-inclusive list of examples of actions that State or local governmental entities or non-governmental entities are specifically prohibited from taking against the Corporation or any party that is acting pursuant to this part. Such entities may not:
>
> (4) Levy fines, judgments, punitive damages, compensatory damages, or judgments for attorney fees or other costs against companies, employees of companies including agents and loss adjustors, or Federal employees arising out

-7-

of actions or inactions on the part of such individuals and entities authorized or required under the Federal Crop Insurance Act, the regulations, any contract or agreement authorized by the Federal Crop Insurance Act or by regulations, or procedures issued by the Corporation *(Nothing herein precludes such damages being imposed against the company if a determination is obtained from FCIC that the company, its employee, agent or loss adjuster failed to comply with the terms of the policy or procedures issued by FCIC and such failure resulted in the insured receiving a payment in an amount that is less than the amount to which the insured was entitled)*; . . .

*Id.* (emphasis added).

39. Alternatively, this Court should declare in absence of a 20(i) determination that no such determination is necessary for Finneman to proceed with his state law cause of action of compensatory damages, punitive damages, and attorney's fees and costs in Case No. 5:22-cv-05062-KES.

40. At least until recently, Agency Defendant RMA has seemingly taken the position that judicial review was a prerequisite to the award of "extra-contractual damages" by "State courts." *See* Final Agency Determination FAD-193; Final Agency Determination FAD-240; Final Agency Determination FAD-251.

41. However, in this and other similar cases, the Agency has seemingly signaled a shift in that view, declaring instead that a determination may provide a "greenlight" to insureds, or make it "easier", to pursue extra contractual damages but a lack of such determination does not prohibit the insured from moving forward with their claim. *See* NAD Case No. 2022S000219, *In the Matter of Dupree Farms, LLC and Risk Management Agency*; *accord Pelzer v. ARMtech Insurance Services, Inc.*, 928 F.Supp. 2d 1071 (E.D. Ark. 2013) (acts and omissions of an insurer or its employees, agents and servants resulting in liability under state and common law theories not explicitly preempted by the policy's arbitration clause remain within jurisdiction of state and federal courts); *see also Plants, Inc. v. Fireman's Fund Insurance Company*, 2012 WL

3291805 (Tenn. Ct. App.); *Farmers Crop Insurance Alliance v. Laux*, 442 F. Supp .2d 488 (S.D. Ohio 2006); 7 C.F.R. §457.8 ¶20.

42. The failure and refusal of Agency Defendants to issue a non-compliance determination is contrary to controlling law and amounts to an arbitrary and capricious denial of Plaintiff's rights and protections under his WFRP Policy and the FCIA and the rules and regulations promulgated thereunder.

43. This Court should hold the actions of Defendant RMA unlawful and set those actions aside in accordance with 5 U.S.C. §706(2)(A).

## IV. CAUSE OF ACTION

44. Plaintiff restates, realleges and incorporates by reference the allegations set forth in numbered paragraphs 1. through 43. of his Complaint.

45. Plaintiff David Finneman seeks and is entitled to review and reversal of the adverse administrative determination by the Agency Defendants and judgment in his favor. *See* 5 U.S.C. §701, *et. seq.*; *see also* 7 C.F.R. § 11.13; 7 USC §1508.

46. The points on which Plaintiff seeks review and judgment include, but are not limited to, the following:

(a) The Agency's failure and refusal to issue a noncompliance determination under the WFRP Policy and 7 C.F.R. §400.352(b)(4), *i.e.*, a determination that the AIP its employee, agent or loss adjuster failed to comply with the terms of the policy or procedures issued by FCIC and such failure resulted in the insured receiving a payment in an amount that is less than the amount to which the insured was entitled, is arbitrary and capricious;

(b) The Agency's failure and refusal to issue a noncompliance determination under the WFRP Policy and 7 C.F.R. §400.352(b)(4), *i.e.*, a determination that the AIP its employee, agent

or loss adjuster failed to comply with the terms of the policy or procedures issued by FCIC and such failure resulted in the insured receiving a payment in an amount that is less than the amount to which the insured was entitled, is contrary to controlling law;

(c) The Agency's failure and refusal to issue a noncompliance determination under the WFRP Policy and 7 C.F.R. §400.352(b)(4), *i.e.*, a determination that the AIP its employee, agent or loss adjuster failed to comply with the terms of the policy or procedures issued by FCIC and such failure resulted in the insured receiving a payment in an amount that is less than the amount to which the insured was entitled, is unsupported by substantial evidence.

47. In the alternative, this Court should declare that Plaintiff David Finneman is not required to obtain a noncompliance determination under 7 C.F.R. §400.352(b)(4) by RMA to proceed with his state law causes of action of compensatory damages, punitive damages, and attorney's fees and costs in Case No. 5:22-cv-05062-KES.

WHEREFORE, PREMISES CONSIDERED, Plaintiff David Finneman prays for the judgment of this Court reviewing and reversing the administrative determination of Defendants United States Department of Agriculture, Risk Management Agency and Federal Crop Insurance Corporation, that Plaintiff David Finneman was not entitled to a noncompliance determination under the WFRP Policy and 7 C.F.R. §400.352(b)(4), *i.e.*, a determination that the AIP its employee, agent or loss adjuster failed to comply with the terms of the policy or procedures issued by FCIC and such failure resulted in the insured receiving a payment in an amount that is less than the amount to which the insured was entitled; that the administrative determination was arbitrary, capricious, contrary to controlling law and unsupported by substantial evidence; or in the alternative, declaring that Plaintiff David Finneman is not required to obtain a noncompliance determination under the WFRP Policy and 7 C.F.R. §400.352(b)(4) to proceed with his state law

causes of action of compensatory damages, punitive damages, and attorney's fees and costs in Case No. 5:22-cv-05062-KES; and for such other and further relief as may be just and proper.

Dated this 24th day of May, 2023.

Respectfully submitted,

TIESZEN LAW OFFICE, PROF LLC
306 East Capital Avenue
Suite 300
Post Office Box 550
Pierre, South Dakota 57501
Phone: 605-224-1500
naomic@tieszenlaw.com


/s/ *Naomi R. Cromwell*
NAOMI R. CROMWELL
South Dakota Bar No. 3054
Attorney for Defendant

OF COUNSEL:

WENDELL L. HOSKINS II
LAW OFFICE OF
WENDELL L. HOSKINS II
404 Ward Avenue
Post Office Box 1115
Caruthersville, Missouri 63830
Phone: 573-333-2600
Fax: 573-333-2041
Wendell@WendellHoskins.com
(Admission *Pro Hac Vice* Pending)

JS 44 (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
David Finneman

**DEFENDANTS**
United States Department of Ag, Risk Management Agency and Federal Crop Insurance Corporation

**(b)** County of Residence of First Listed Plaintiff  Pennington County, So
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant  MINNEHAHA COUNTY,
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
NAOMI R. CROMWELL
TIESZEN LAW OFFICE

Attorneys *(If Known)*
Unknown

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1  U.S. Government Plaintiff
- [x] 3  Federal Question *(U.S. Government Not a Party)*
- [ ] 2  U.S. Government Defendant
- [ ] 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [x] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [x] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | 625 Drug Related Seizure of Property 21 USC 881 | 422 Appeal 28 USC 158 | 375 False Claims Act |
| 120 Marine | 310 Airplane / 365 Personal Injury - Product Liability | 690 Other | 423 Withdrawal 28 USC 157 | 376 Qui Tam (31 USC 3729(a)) |
| 130 Miller Act | 315 Airplane Product Liability | | **INTELLECTUAL PROPERTY RIGHTS** | 400 State Reapportionment |
| 140 Negotiable Instrument | 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | 820 Copyrights | 410 Antitrust |
| 150 Recovery of Overpayment & Enforcement of Judgment | 320 Assault, Libel & Slander | | 830 Patent | 430 Banks and Banking |
| 151 Medicare Act | 330 Federal Employers' Liability | | 835 Patent - Abbreviated New Drug Application | 450 Commerce |
| 152 Recovery of Defaulted Student Loans (Excludes Veterans) | 340 Marine / 368 Asbestos Personal Injury Product Liability | | 840 Trademark | 460 Deportation |
| 153 Recovery of Overpayment of Veteran's Benefits | 345 Marine Product Liability | | 880 Defend Trade Secrets Act of 2016 | 470 Racketeer Influenced and Corrupt Organizations |
| 160 Stockholders' Suits | 350 Motor Vehicle / **PERSONAL PROPERTY** / 370 Other Fraud | **LABOR** | | 480 Consumer Credit (15 USC 1681 or 1692) |
| 190 Other Contract | 355 Motor Vehicle Product Liability / 371 Truth in Lending | 710 Fair Labor Standards Act | | 485 Telephone Consumer Protection Act |
| 195 Contract Product Liability | 360 Other Personal Injury / 380 Other Personal Property Damage | 720 Labor/Management Relations | **SOCIAL SECURITY** | 490 Cable/Sat TV |
| 196 Franchise | 362 Personal Injury - Medical Malpractice / 385 Property Damage Product Liability | 740 Railway Labor Act | 861 HIA (1395ff) | 850 Securities/Commodities/ Exchange |
| | | 751 Family and Medical Leave Act | 862 Black Lung (923) | 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | 790 Other Labor Litigation | 863 DIWC/DIWW (405(g)) | 891 Agricultural Acts |
| 210 Land Condemnation | 440 Other Civil Rights / **Habeas Corpus:** | 791 Employee Retirement Income Security Act | 864 SSID Title XVI | 893 Environmental Matters |
| 220 Foreclosure | 441 Voting / 463 Alien Detainee | | 865 RSI (405(g)) | 895 Freedom of Information Act |
| 230 Rent Lease & Ejectment | 442 Employment / 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | 896 Arbitration |
| 240 Torts to Land | 443 Housing/ Accommodations / 530 General | | 870 Taxes (U.S. Plaintiff or Defendant) | [x] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| 245 Tort Product Liability | 445 Amer. w/Disabilities - Employment / 535 Death Penalty | **IMMIGRATION** | 871 IRS—Third Party 26 USC 7609 | |
| 290 All Other Real Property | 446 Amer. w/Disabilities - Other / **Other:** / 540 Mandamus & Other | 462 Naturalization Application | | 950 Constitutionality of State Statutes |
| | 448 Education / 550 Civil Rights | 465 Other Immigration Actions | | |
| | 555 Prison Condition | | | |
| | 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
5 U.S.C. §706(2)(f).
Brief description of cause:
Complaint for Judicial Review of Administrative Deterimination

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**
Judicial Review

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [ ] Yes  [x] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE  KAREN E. SCHREIER
DOCKET NUMBER  5:22-CV-05062-KES

DATE  05/23/2023
SIGNATURE OF ATTORNEY OF RECORD  *Naomi Cromwell*

**FOR OFFICE USE ONLY**

RECEIPT #  ___  AMOUNT  ___  APPLYING IFP  ___  JUDGE  ___  MAG. JUDGE  ___