UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| DAVID FINNEMAN,<br><br>    Plaintiff,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF AGRICULTURE, RISK MANAGEMENT AGENCY, and FEDERAL CROP INSURANCE CORPORATION,<br><br>    Defendants. | 5:23-cv-05034-KES<br><br>**REPORT OF PARTIES' PLANNING MEETING** |

COME NOW the parties in the above-captioned action, by and between their respective counsel of record, and hereby jointly submit this report of the meeting required pursuant to Fed. R. Civ. P. 26(f) and the Court's order dated September 7, 2023 (doc. 12).

**A. Date and Place of the Meeting and Identification of the Parties and their Attorneys**

1. The date and place at which the meeting was held.

    **A telephonic meeting was held on Friday, October 13, 2023, between Wendell L. Hoskins II, and AUSA Stephanie C. Bengford.**

2. Name and address of each party, together with the name and address of the attorney or attorneys who represented each party at the meeting.

    **Plaintiff, David Finneman of Pennington County, South Dakota.**

    **Plaintiff is represented by:**

| | |
|---|---|
| Naomi R. Cromwell<br>Tieszen Law Office, Prof. LLC<br>306 East Capitol Avenue, #300<br>Pierre, SD 57501<br>(605) 224-1500 | Wendell L. Hoskins, II<br>404 Ward Avenue<br>P.O. Box 1115<br>Caruthersville, MO 63830<br>(573) 333-2600 |

**Defendants are represented by:**

> Stephanie C. Bengford
> Assistant United States Attorney
> P.O. Box 2638
> Sioux Falls, SD 57101-2638
> (605) 330-4400

3. Name of the insurance carriers and amount of liability coverage available.

   **There is no applicable liability insurance coverage.**

**B. Description of the Case**

4. A brief narrative of the facts giving rise to the lawsuit, including a description of legal claims and defenses.

   **Plaintiff filed a Complaint under the Administrative Procedures Act (APA), alleging that the Defendants determined that RMA lacked the authority to issue a non-compliance determination under the Plaintiff's 2017 Whole Farm Revenue Protection (WFRP) Policy in absence of the familiar Section 20(i) language from the *Basic Provisions* of the Multi-Peril Crop Insurance (MPCI) Policy without substantial evidence. Plaintiff asserts that the provisions of 7 C.F.R. §400.352(b)(4) not only grant RMA the authority to issue a non-compliance determination but the obligation to issue a non-compliance determination. Alternatively, Plaintiff asserts that, in keeping with the position taken by RMA in the administrative matter, Finneman may proceed with his state law causes of action sounding in tort outside the scope of any "judicial review" as that term is used in Section 33 of the WFRP Policy.**

   **Defendants deny these allegations, assert that the Defendants' actions were not without substantial evidence or contrary to law and assert the affirmative defenses raised in the Answer.**

5. A concise statement of the jurisdictional basis of the case, giving a brief narrative description as well as statutory reference numbers.

   **This is an action brought against agencies of the United States of America under the Administrative Procedures Act, 5 U.S.C. § 702.**

6. A brief statement of the material issues to be resolved;

   **Plaintiff:**
   a. Does 7 CFR §400.352(b)(4) grant authority and create an obligation on the

part of RMA to make a non-compliance determination in absence of the familiar 20(i) language from the *Basic Provisions* of the MPCI policy?

b. If 7 CFR §400.352(b)(4) does not grant that authority, is Finneman entitled to proceed with judicial review without a non-compliance determination?

c. If 7 CFR §400.352(b)(4) does not grant that authority, is Finneman entitled to proceed with his state law causes of action sounding in tort?

**Defendants:**

a. Was the Risk Management Agency's decision, that the 2017 Whole Farm Revenue Protection Policy ("WFRP Policy") does not have a contract provision that authorizes the Deputy Administrator of Compliance (DAC) to provide a determination on whether the Producers Agriculture Insurance Company failed to comply with the terms of the 2017 WFRP Policy, consistent with the applicable standard of review under the APA?

## C. Pleadings

7. A statement of whether all pleadings have been filed, and description of any amendments to the pleadings the party proposes to make including the identification of any new parties to be added (if none so state).

   **All pleadings have been filed and neither party foresees any need at this time to file amended pleadings or seek to add new parties to this case.**

8. The date by which all motions which seek to amend the pleadings or add parties will be filed.

   **November 17, 2023.**

9. Whether jury trial is available under the law, and whether a jury trial has been timely demanded.

   **A jury trial is not available.**

## D. Initial Discovery Plan

10. Date by which all pre-discovery disclosures required by Rule 26(a)(1) will be completed. [Note: discovery is not filed with the Court.]

    **Pursuant to D.S.D. Civ. LRs 16.1 and 26.2, relying on Fed. R. Civ. P. 16(b), Defendants assert that this matter is exempt from a scheduling conference and**

should be reviewed based upon the administrative record. Defendants will file the administrative record.

E. Discovery Plan

11. The procedure to be used for disclosure or discovery of electronic information.

    **Pursuant to D.S.D. Civ. LRs 16.1 and 26.2, relying on Fed. R. Civ. P. 16(b), the parties believe that this matter is exempt from a scheduling conference and should be reviewed based upon the administrative record. The parties propose that once the administrative record is filed that a briefing schedule should be established in this matter.**

12. The number of interrogatories each party will be permitted to serve;

    **Pursuant to D.S.D. Civ. LRs 16.1 and 26.2, relying on Fed. R. Civ. P. 16(b), the parties believe that this matter is exempt from a scheduling conference and should be reviewed based upon the administrative record. The parties propose that once the administrative record is filed that a briefing schedule should be established in this matter.**

13. The maximum number of depositions by each party (excluding expert witness depositions);

    **Pursuant to D.S.D. Civ. LRs 16.1 and 26.2, relying on Fed. R. Civ. P. 16(b), the parties believe that this matter is exempt from a scheduling conference and should be reviewed based upon the administrative record. The parties propose that once the administrative record is filed that a briefing schedule should be established in this matter.**

14. The limits on the length of depositions, in hours;

    **Pursuant to D.S.D. Civ. LRs 16.1 and 26.2, relying on Fed. R. Civ. P. 16(b), the parties believe that this matter is exempt from a scheduling conference and should be reviewed based upon the administrative record. The parties propose that once the administrative record is filed that a briefing schedule should be established in this matter.**

15. The date by which all discovery (including expert discovery) will be completed.

    **Pursuant to D.S.D. Civ. LRs 16.1 and 26.2, relying on Fed. R. Civ. P. 16(b), the parties believe that this matter is exempt from a scheduling conference and should be reviewed based upon the administrative record. The parties propose that once the administrative record is filed that a briefing schedule should be established in this matter.**

16. A statement of how many, if any, expert witnesses each party anticipates calling at trial, and a brief (one or two words) description of the type of experts anticipated,

e.g., medical doctor, economist, accident reconstructionist, accountant.

**Pursuant to D.S.D. Civ. LRs 16.1 and 26.2, relying on Fed. R. Civ. P. 16(b), the parties believe that this matter is exempt from a scheduling conference and should be reviewed based upon the administrative record. The parties propose that once the administrative record is filed that a briefing schedule should be established in this matter.**

17. The date by which each party will disclose the identity of expert witnesses and disclose the reports required under Rule 26(a)(12). [Note: discovery is not filed with the Court.]

    **Pursuant to D.S.D. Civ. LRs 16.1 and 26.2, relying on Fed. R. Civ. P. 16(b), the parties believe that this matter is exempt from a scheduling conference and should be reviewed based upon the administrative record. The parties propose that once the administrative record is filed that a briefing schedule should be established in this matter.**

18. Whether the parties anticipate expert depositions.

    **Pursuant to D.S.D. Civ. LR 16.1 and 26.2, relying on Fed. R. Civ. P. 16(b), the parties believe this matter is exempt from a scheduling conference and should be reviewed based upon the administrative record. The parties propose that once the administrative record is filed that a briefing schedule should be established in this matter.**

19. The number of expert depositions each party will be permitted to take.

    **Pursuant to D.S.D. LR 16.1 and 26.2, relying on Fed. R. Civ. P. 16(b), the parties believe this matter is exempt from a scheduling conference and should be reviewed based upon the administrative record. The parties propose that once the administrative record is filed that a briefing schedule should be established in this matter.**

20. The frequency with which discovery responses must be supplemented pursuant to Rule 26(e).

    **Pursuant to D.S.D. LR 16.1 and 26.2, relying on Fed. R. Civ. P. 16(b), the parties believe this matter is exempt from a scheduling conference and should be reviewed based upon the administrative record.  The parties propose that once the administrative record is filed that a briefing schedule should be established in this matter.**

F. **Dispositive Motions and Trial**

21. **February 23, 2024,** by which all dispositive motions will be filed.

    Plaintiff shall file its dispositive motions **30 days** following the filing of the

administrative record in this matter. Defendants will have **30 days** to respond, and Plaintiff will have **14 days** to reply to Defendant's response.

22. Estimated trial time including jury selection and instructions.

    **Not applicable.**

23. Whether the parties' consent to assignment of the case to a United States Magistrate Judge.

    **No.**

### G. Settlement

24. The parties should fully explore the possibility of settling this case at the Rule 26(f) meeting. If the case does not settle, the parties will be fully prepared to advise the Court about the status of settlement discussions. The parties will advise the Court whether they desire a free settlement conference with a United States Magistrate Judge.

    **The parties will not hesitate to request the assistance of a Magistrate via mediation if they need assistance resolving this matter.**

25. Plaintiff is directed to make a written settlement demand prior to the Rule 26(f) meeting. Defendant will respond in writing to this demand as soon as possible.

    **Given the nature of the dispute and the Defendants' position, Plaintiff has not made a settlement proposal.**

26. If plaintiff is unable to make a settlement demand, plaintiff will be fully prepared:

    a. To explain the inability;
    b. To advise the Court what is needed to evaluate settlement; and
    c. To advise the Court of the earliest date the parties can realistically evaluate settlement.

    **Given the nature of the dispute and the Defendants' position, Plaintiff has not made a settlement proposal.**

27. Other matters the parties want to raise.

    **Defendants have received a copy of the administrative record and provided it to Plaintiff for review prior to filing. Plaintiff is in the process of reviewing the administrative record.**

Dated this 24th day of October 2023.

                        **TIESZEN LAW OFFICE, PROF. LLC**

                        */s/ Naomi R. Cromwell*

                        NAOMI R. CROMWELL
                        306 East Capital Avenue
                        Suite 300
                        Post Office Box 550
                        Pierre, South Dakota 57501
                        Phone: 605-224-1500
                        naomic@tieszenlaw.com

                        *ATTORNEY FOR PLAINTIFF*

Dated this 24th day of October, 2023.

                        **LAW OFFICE OF WENDELL L. HOSKINS II**

                        */s/ Wendell L. Hoskins II*

                        Wendell L. Hoskins II
                        404 Ward Avenue
                        P.O. Box 1115
                        Caruthersville, MO 63830
                        Telephone: (573) 333-2041

                        *ATTORNEY FOR PLAINTIFF*

Dated this 24th day of October 2023.

                                ALISON J. RAMSDELL
                                UNITED STATES ATTORNEY

                                /s/ Stephanie C. Bengford
                                _____
                                Stephanie C. Bengford
                                Assistant United States Attorney
                                325 S. 1st Ave., Sioux Falls, SD
                                Ph: (605) 330-4400
                                Fax: (605) 330-4402
                                Stephanie.Bengford@usdoj.gov

                                *ATTORNEY FOR DEFENDANTS*