UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| DAVID FINNEMAN,<br><br>    Plaintiff,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF AGRICULTURE, RISK MANAGEMENT AGENCY, and FEDERAL CROP INSURANCE CORPORATION,<br><br>    Defendants. | 5:23-cv-05034-KES<br><br>**ANSWER TO AMENDED COMPLAINT** |

## ANSWER TO AMENDED COMPLAINT

    Defendants, United States Department of Agriculture, Risk Management Agency, and Federal Crop Insurance Corporation, (collectively, "Defendants"), hereby answer the Amended Complaint of David Finneman as follows. All allegations are denied except as specifically admitted herein. To the extent that Plaintiff's Amended Complaint contains headings and titles which could be construed to contain factual allegations, those allegations are all denied. The undersigned has the administrative record ("AR") for filing but is working with counsel for Plaintiff as to any required redactions before filing. This matter is exempt from a scheduling conference per local rule.

### I. **PARTIES**

    1. Plaintiff David Finneman is an adult resident of Pennington County, South Dakota, engaged in the business of farming in Pennington County and is the named insured under a policy of federally reinsured Whole Farm Revenue Protection (WFRP) crop insurance issued by Approved Insurance Provider ("AIP") Producers Agriculture Insurance Company ("Pro Ag").

**ANSWER:**    Defendants lack knowledge or information sufficient to allow it to admit or deny

the allegations of paragraph 1, and on that basis, denies them.

    2. Defendant United States Department of Agriculture ("USDA") is a department of the United States federal government and parent agency of Defendant Risk Management Agency ("RMA"), which in turn administers Defendant Federal Crop Insurance Corporation ("FCIC"), a wholly government-owned entity (collectively, "Agency Defendants"). The Agency Defendants

may be served with process of this Court by serving copies of the Summons and Complaint at the following addresses:

Alison J. Ramsdell, USA
District of South Dakota
325 South 1st Avenue, Suite 300
Post Office Box 2638
Sioux Falls, South Dakota 57101-2638

Attorney General Merrick B. Garland
950 Pennsylvania Avenue Northwest
Washington, D.C. 20530-0001

Risk Management Agency
Attn: Director of Administrative Review Division
1400 Independence Avenue SW, Stop 0806
Washington, DC 20250-0806

**ANSWER:** The allegations contained in paragraph 2 constitute Plaintiff's conclusions of law and thus no response is required. To the extent that a response is required, Defendants admit said allegations with the exception that USDA is a department, not a "parent agency".

## II.   JURISDICTION AND VENUE

3.   The Plaintiff's cause of action arises from the Defendant RMA's adverse decision in response to Plaintiff's request for a noncompliance determination under his WFRP Policy and 7 C.F.R. §400.352(b)(4), *i.e.*, a determination that the AIP, its employee, agent or loss adjuster failed to comply with the terms of the policy or procedures issued by FCIC and such failure resulted in the insured receiving a payment in an amount that is less than the amount to which the insured was entitled.

**ANSWER:** As to paragraph 3 of the Amended Complaint, Defendants admit only that RMA/NAD issued an adverse decision.  Plaintiff's characterization of that decision is denied as well as the remainder of paragraph 3.

4.   On April 25, 2023, USDA's National Appeals Division ("NAD"), by and through its Director Frank M. Wood, upheld the adverse decision that RMA lacked the authority to issue a noncompliance determination under his WFRP Policy and 7 C.F.R. §400.352(b)(4).

**ANSWER:** The allegations contained in paragraph 4 purport to characterize the NAD

decision which speaks for itself and is the best evidence of its contents. Defendants deny the allegations to the extent they are inconsistent with the NAD decision.

5. Plaintiff David Finneman has exhausted all administrative remedies and hereby seeks *de novo* review as a matter of right pursuant to 7 U.S.C. § 6999 and 5 U.S.C. §701, *et seq.*

**ANSWER:** The allegations contained in paragraph 5 call for a legal conclusion and no response is required. To the extent a response is required, Defendants admit only that a NAD Director's decision is reviewable by the court. Defendants deny that Plaintiff is entitled to *de novo* review as a matter of right.

6. The determination made by the Agency Defendants is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with controlling law. Said determination is unsupported by substantial evidence in the agency hearing record and is unwarranted by the facts to the extent that the facts are subject to trial *de novo* by the reviewing District Court.

**ANSWER:** The allegations contained in paragraph 6 call for a legal conclusion and no response is required. To the extent a response is required, the allegations are denied. Review by the Court is limited to the Director's decision.

7. Therefore, the United States District Court for the District of South Dakota, Western Division, has exclusive jurisdiction over this action pursuant to 5 U.S.C § 701, *et. seq., 1* C.F.R § 11.13, 7 U.S.C § 1508 and 28 U.S.C §1131.

**ANSWER:** The allegations contained in paragraph 7 call for a legal conclusion and no response is required. To the extent a response is required, the allegations are denied. Jurisdiction over NAD Director decisions is given to a district court by 7 USC § 6999. This case does not involve a direct program review under § 1331. 7 USC § 1508 is about the design of the crop insurance program—coverage, reinsurance, premiums/subsidies etc., but does not address/provide judicial review.

8. All of the wrongs complained herein arise from regulatory interpretations made by the

3

Agency Defendants with respect to Plaintiff's 2017 WFRP policy in Pennington County, South Dakota. Therefore, venue is appropriate in the Western Division of the District of South Dakota. *See* 28 U.S.C §139l(e).

**ANSWER:**   As to paragraph 8, venue is a legal conclusion to which no response is required. To the extent a response is required, admit the policy type (WFRP), year (2017) and location (Pennington County, SD) listed. The remainder of paragraph 8 is denied. Defendants deny there were any wrongs.

### III. STATEMENT OF FACTS

9. In crop year 2017, Plaintiff David Finneman applied for and was issued a policy of Whole Farm Revenue Protection (WFRP) through Pro Ag, Policy No. 2017-46-987-1029811. *See* Exhibit 1 & Exhibit 2.

**ANSWER:**   As to paragraph 9, Exhibits 1 and 2 speak for themselves and are the best evidence of their contents. Defendants deny the allegations to the extent they are inconsistent with Exhibits 1 and 2.

10. Finneman provided Pro Ag with true, accurate and timely information regarding his current and past farming operation as solicited by Pro Ag's duly appointed agent, Stuart Hofer, of Pickard Insurance Services, of Volga, South Dakota.

**ANSWER:**   As to paragraph 10, Defendants do not have sufficient information to admit or deny, and therefore deny the allegations.

11. Moreover, in 2017, Pro Ag insured all crops in all counties and states farmed by Finneman and by any entity in which he held any substantial beneficial interest.

**ANSWER:** As to paragraph 11, Defendants do not have sufficient information to admit or deny, and therefore deny the allegations.

12. Crop year 2017 was the first year that David Finneman farmed in his individual capacity, having previously farmed as part of a South Dakota limited liability company, C & D Acres, LLC.

**ANSWER:**   As to paragraph 12, Defendants do not have sufficient information to admit or

deny, and therefore deny the allegations.

13. C & D Acres, LLC was established by David and his wife Connie (hence the "C & D"), but by Dissociation filed with the South Dakota Secretary of State on May 16, 2011, Connie Finneman "voluntarily dissociate[d] from C & D Acres LLC because of physical and health reasons." *See* Exhibit 3.

**ANSWER:** As to paragraph 13, Defendants do not have sufficient information to admit or deny, and therefore deny the allegations.

14. Thereafter, C & D Acres, LLC continued to farm as a single-member LLC, including the following crops insured by Pro Ag under traditional Multiple Peril Crop Insurance (MPCI)[1] [FN omitted] policies *in crop year 2017:*

| Pro AK; Policy No. | Crop | Acres | County, State |
|---|---|---|---|
| 20-987-1031310 | Soybeans | 213.3 | Kingman County, Kansas |
| 46-987-1031311 | Safflower | 178.4 | Pennington County, South Dakota |
| 46-987-1031314 | Safflower | 473.7 | Meade County, South Dakota |
| 46-987-1031638 | Soybeans | 53.2 | Aurora County, South Dakota |
| 46-987-1031641 | Soybeans | 124.9 | Jerauld County, South Dakota |

*See* Exhibits 4, 5, 6, 7 & 8.

**ANSWER:** As to paragraph 14, Defendants do not have sufficient information to admit or deny, and therefore deny the allegations.

15. In addition to C & D Acres, LLC's 2017 crops listed above (and insured by separate Pro Ag MPCI policies as provided), David Finneman farmed in his individual capacity 316.0 acres of non-irrigated com and 280.0 acres of non-irrigated safflower in Pennington County, South Dakota.

**ANSWER:** As to paragraph 15, Defendants do not have sufficient information to admit or deny, and therefore deny the allegations.

16. Although available (at least for the safflower), Finneman did not take out a separate MPCI policy on the com and safflower acres fanned in his individual capacity and covered by Pro Ag WFRP Policy No. 2017-46-987-1029811.

5

**ANSWER:** As to paragraph 16, Defendants do not have sufficient information to admit or deny, and therefore deny the allegations.

17. Following acceptance of Finneman's WFRP application, Pro Ag issued a Schedule of Insurance for Policy No. 2017-46-987-1029811, confirming "Whole-Farm Liability" of $147,096 and "MPCI Liability" of zero. *See* Exhibit 2.

**ANSWER:** As to paragraph 17, Exhibit 2 speaks for itself and is the best evidence of its contents. Defendants deny the allegations to the extent they are inconsistent with Exhibit 2.

18. Notably, no "Associated Underlying MPCI Coverage" is listed in the Pro Ag WFRP Schedule of Insurance. Id.

**ANSWER:** As to paragraph 18, Exhibit 2 speaks for itself and is the best evidence of its contents. Defendants deny the allegations to the extent they are inconsistent with Exhibit 2.

19. It is undisputed that David Finneman incurred an otherwise insurable loss under his 2017 WFRP Policy.

**ANSWER:** As to paragraph 19, Defendants do not have sufficient information to admit or deny, and therefore deny the allegations.

20. Furthermore, it is undisputed that the com and safflower acres insured under Pro Ag WFRP Policy No. 2017-46-987-1029811 produced no revenue. *See* Exhibit 9 at 2.

**ANSWER:** As to paragraph 20, Defendants do not have sufficient information to admit or deny, and therefore deny the allegations. In addition, Exhibit 9 speaks for itself. Defendants deny the allegations to the extent they are inconsistent with Exhibit 9.

21. However, in its April 20, 2018, letter, Pro Ag advised Finneman that WFRP Policy No. 2017-46-987-1029811 was being voided, that Pro Ag's "Whole-Farm Liability" was being revised to zero and that Pro Ag would be keeping 20 percent of his previously paid premium. *See* Exhibit 9.

**ANSWER:** As to paragraph 21, Exhibit 9 speaks for itself and is the best evidence of its

contents. Defendants deny the allegations to the extent they are inconsistent with Exhibit 9.

22. Specifically, Pro Ag determined that Connie Finneman, David's wife, had a substantial beneficial interest (SBI) in the crops insured under Pro Ag Policy No. 2017-46-987-1029811, having failed to meet the "legally separated" requirement of the WFRP Policy and FAD-049. *See* Exhibit 1.

**ANSWER:** As to paragraph 22, Exhibit 1 speaks for itself and is the best evidence of its contents. Defendants deny the allegations to the extent they are inconsistent with Exhibit 1.

23. The "legally separated" issue was resolved in the arbitration in favor of David Finneman by Arbitrator's Order dated January 13, 2020. *See* Exhibit 10.

**ANSWER:** As to paragraph 23, Exhibit 10 speaks for itself and is the best evidence of its contents. Defendants deny the allegations to the extent they are inconsistent with Exhibit 10.

24. Pro Ag nevertheless maintained its contention that no liability was due under Pro Ag Policy No. 2017-46-987-1029811, having reviewed and revised various aspects of the WFRP Policy, and having reduced Finneman's guaranteed "Whole-Farm Liability" of $147,096 to net zero. *See* Exhibit 2.

**ANSWER:** As to paragraph 24, Exhibit 2 speaks for itself and is the best evidence of its contents. Defendants deny the allegations to the extent they are inconsistent with Exhibit 2.

25. Following written submissions by the parties and oral argument of their respective positions, Arbitrator David A. Allgeyer issued his June 20, 2022 (mislabeled "2020"), Findings, Determinations, and Award. *See* Exhibit 11.

**ANSWER:** As to paragraph 25, Exhibit 11 speaks for itself and is the best evidence of its contents. Defendants deny the allegations to the extent they are inconsistent with Exhibit 11.

26. On July 19, 2022, Pro Ag filed *its* Petition to Vacate or, in the Alternative, Nullify Arbitration Award in the U.S. District Court for the District of South Dakota, Western Division, Case No. 5:22-CV-05062-KES.

**ANSWER:** As to paragraph 26, the document speaks for itself and is the best evidence of its contents. Defendants deny the allegations to the extent they are inconsistent with the document

cited.

27. In response, David Finneman filed his Answer and Counterclaim in Case No. 5:22-CV-05062-KES on October 7, 2022, requesting confirmation of the arbitration award.

**ANSWER:** As to paragraph 27, the Answer and Counterclaim speak for themselves and are the best evidence of their contents. Defendants deny the allegations to the extent they are inconsistent.

28. Alternatively, Plaintiff seeks the award of compensatory damages, punitive damages, and attorney's fees and costs under state law and as permitted under 7 C.F.R. §400.352 (b)(4).

**ANSWER:** As to paragraph 28, the Amended Complaint, as to relief Plaintiff seeks, speaks for itself and is the best evidence of its contents. Defendants deny the allegations to the extent they are inconsistent. However, Finneman misconstrues 7 C.F.R. §400.352 (b)(4) because such damages and attorney's fees are not permitted unless FCIC (RMA) issues a non-compliance decision. RMA determined it had no authority to issue a non-compliance decision.

29. Simultaneously, David Finneman requested an RMA determination pursuant to Section 33 of the WFRP Policy and 7 C.F.R. §400.352(b)(4), that Pro Ag failed to comply with the terms of Finneman's 2017 federally reinsured crop insurance policy and the procedures of the FCIC, which resulted in Finneman receiving payment in an amount less than the amount to which he was entitled. *See* Exhibit 12.

**ANSWER:** As to paragraph 29, Exhibit 12 speaks for itself and is the best evidence of its contents. Defendants deny the allegations to the extent they are inconsistent with Exhibit 12.

30. On October 31, 2022, Defendant RMA issued a final decision letter denying Plaintiff's request for a non-compliance determination, refusing to take up the issue. *See* Exhibit 13.

**ANSWER:** As to paragraph 30, admit to the extent that RMA concluded that it had no authority to issue a non-compliance determination, given that the 2017 WFRP Policy did not authorize RMA to provide such a determination.

31. David Finneman then appealed RMA's adverse decision on November 29, 2022, through Defendant USDA's National Appeals Division. On January 18, 2023, David Finneman

requested a determination on record review. *See* Exhibit 14.

**ANSWER:** As to paragraph 31, Exhibit 14 speaks for itself and is the best evidence of its contents. Defendants deny the allegations to the extent they are inconsistent with Exhibit 14.

32. Defendant RMA determined the Agency lacked the authority to issue a compliance determination due to the lack of an equivalent provision to Section 20(i) within the 2017 WFRP Policy. "Regretfully, the 2017 WFRP Policy, which the arbitration was based on, does not have a contract provision which authorizes the DAC to provide such a determination." *See* Exhibit 13.

**ANSWER:** As to paragraph 32, Exhibit 13 speaks for itself and is the best evidence of its contents. Defendants deny the allegations to the extent they are inconsistent with Exhibit 13.

33. On February 22, 2023, Hearing Officer Ryan M. Eagleson issued a finding on record review that Defendant RMA did not err in its decision in refusing to render a compliance determination. *See* Exhibit 15.

**ANSWER:** As to paragraph 33, Exhibit 15 speaks for itself and is the best evidence of its contents. Defendants deny the allegations to the extent they are inconsistent with Exhibit 15.

34. Plaintiff David Finneman disputed the conclusions of the February 22, 2023, Appeal Determination, and sought a final administrative Director Review through Defendant USDA's National Appeals Division. *See* Exhibit 16.

**ANSWER:** As to paragraph 34, Exhibit 16 speaks for itself and is the best evidence of its contents. Defendants deny the allegations to the extent they are inconsistent with Exhibit 16.

35. USDA's National Appeals Division, by and through its Director Frank M. Wood, issued a determination dated April 25, 2023, upholding the adverse decision of Hearing Officer Eagleson, thus exhausting Plaintiff's administrative remedies. *See* Exhibit 17.

**ANSWER:** As to paragraph 35, exhaustion of administrative remedies is a legal conclusion to which no response is required. If a response is required, Exhibit 17 speaks for itself and is the best evidence of its contents. Defendants deny the allegations to the extent they are inconsistent with Exhibit 17.

36. The Director of NAD upheld Defendant RMA's determination that the Agency lacked authority to issue a compliance determination in absence of a permitting contractual provision or

"an equivalent clause allowing producers to pursue damages with RMA's blessing[.]" *See* Exhibit 13; Exhibit 15; Exhibit 16.

**ANSWER:** As to paragraph 36, the exhibits cited speak for themselves and are the best evidence of their contents. Defendants deny the allegations to the extent they are inconsistent with the exhibits cited.

37. However, RMA has consistently equated the provisions of 7 CFR § 400.352 to Section 20(i) of the *Basic Provisions. See* Exhibits 18, 19, & 20.

**ANSWER:** Paragraph 37 is too vague or ambiguous to admit/deny, and therefore it is denied. If a policy does not contain a 20(i) provision, such as the 2017 WFRP policy at issue, there is no basis to pursue extra-contractual damages under 7 CFR § 400.352. Exhibits 18, 19 and 20 do not suggest otherwise.

38. Defendant RMA incorrectly applied controlling law in failing and refusing to issue a noncompliance determination under 7 C.F.R. §400.352(b)(4), provisions of which state:

> (b) The following is a non-inclusive list of examples of actions that State or local governmental entities or non-governmental entities are specifically prohibited from taking against the Corporation or any party that is acting pursuant to this part. Such entities may not:
>
> (4) Levy fines, judgments, punitive damages, compensatory damages, or judgments for attorney fees or other costs against companies, employees of companies including agents and loss adjustors, or Federal employees arising out of actions or inactions on the part of such individuals and entities authorized or required under the Federal Crop Insurance Act, the regulations, any contract or agreement authorized by the Federal Crop Insurance Act or by regulations, or procedures issued by the Corporation ***(Nothing herein precludes such damages being imposed against the company*** *if a determination* ***is obtained from FCIC that the company,*** *its* ***employee, agent or loss adjuster failed to comply with the terms of the policy or procedures issued by FCIC and such/allure resulted in the insured receiving a payment*** *in* ***an amount that*** *is* ***less than the amount to which the insured was entitled);*** ...

*Id.* (emphasis added).

**ANSWER:** Paragraph 38 calls for a legal conclusion to which no response is required. If a response is required, paragraph 38 is denied. 7 CFR § 400.352, by itself, does not grant the right

10

to request an FCIC (RMA) non-compliance determination. Instead, the regulation must be read together with the policy, which must contain a 20(i) provision that authorizes such a request.

39. Alternatively, this Court should declare in absence of a 20(i) determination that no such determination is necessary for Finneman to proceed with his state law cause of action of compensatory damages, punitive damages, and attorney's fees and costs in Case No. 5:22-cv-05062-KES.

**ANSWER:** Paragraph 39 calls for a legal conclusion to which no response is required. If a response is required, paragraph 39 is denied.

40. At least until recently, Agency Defendant RMA has seemingly taken the position that judicial review was a prerequisite to the award of "extra-contractual damages" by "State courts." *See* Final Agency Determination FAD-193; Final Agency Determination FAD-240; Final Agency Determination FAD-251.

**ANSWER:** As to paragraph 40, Defendants deny that RMA has ever taken a position contrary to FAD-193, FAD-240 and FAD-251.

41. However, in this and other similar cases, the Agency has seemingly signaled a shift in that view, declaring instead that a determination may provide a "greenlight" to insureds, or make it "easier", to pursue extra contractual damages but a lack of such determination does not prohibit the insured from moving forward with their claim. *See* NAD Case No. 2022S000219, *In the Matter of Dupree Farms, LLC and Risk Management Agency; accord Pelzer v. ARMtech Insurance Services, Inc.,* 928 F .Supp. 2d 1071 (E.D. Ark. 2013) (acts and omissions of an insurer or its employees, agents and servants resulting in liability under state and common law theories not explicitly preempted by the policy's arbitration clause remain within jurisdiction of state and federal courts); *see also Plants, Inc. v. Fireman's Fund Insurance Company,* 2012 WL 3291805 (Tenn. Ct. App.); *Farmers Crop Insurance Alliance* v. *Laux,* 442 F. Supp .2d 488 (S.D. Ohio 2006); 7 C.F.R. §457.8 ¶20.

**ANSWER:** Paragraph 41, in part, calls for a legal conclusion to which no response is required. To the extent a response is required, the allegations are denied. In addition, the remainder of paragraph 41 is denied. 7 C.F.R. §400.352(b)(4) clearly states that extra-contractual damages are allowed only if FCIC (RMA) issued a non-compliance determination.

42. The failure and refusal of Agency Defendants to issue a non-compliance determination is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with controlling law. Said determination is unsupported by substantial evidence in the agency hearing record and is unwarranted by the facts to the extent that the facts are subject to trial *de novo* by

the reviewing District Court.

**ANSWER:** Paragraph 42 calls for a legal conclusion to which no response is required. To the extent a response is required, the allegations are denied.

43. Therefore, this District Court should decide all relevant questions of law, interpret constitutional and statutory provisions, and determine the meaning or applicability of the terms of the agency action, holding said actions of the Defendants unlawful, and set aside the Defendants' adverse determination in accordance with 5 U.S.C. §706(2)(A).

**ANSWER:** Paragraph 43 calls for a legal conclusion to which no response is required. To the extent a response is required, the allegations are denied and Plaintiff is not entitled to any relief.

### IV. CAUSE OF ACTION

44. Plaintiff restates, realleges and incorporates by reference the allegations set forth in numbered paragraphs 1. through 43. of his Amended Complaint.

**ANSWER:** As to paragraph 44, Defendants, by reference, incorporate their responses to paragraphs 1 through 43 above.

45. Plaintiff David Finneman seeks and is entitled to review and reversal of the adverse administrative determination by the Agency Defendants and judgment in his favor. *See* 7 U.S.C. § 6999 and 5 U.S.C. §701, *et. seq.; see also* 1C.F.R.§11.13; 7 USC §1508.

**ANSWER:** Paragraph 45 calls for a legal conclusion to which no response is required. To the extent a response is required, paragraph 45 is denied.

46. The points on which Plaintiff seeks review and judgment include, but are not limited to, the following:

 (a) The Agency's failure and refusal to issue a noncompliance determination under the WFRP Policy and 7 C.F.R. §400.352(b)(4), *i.e.,* a determination that the AIP its employee, agent or loss adjuster failed to comply with the terms of the policy or procedures issued by FCIC and such failure resulted in the insured receiving a payment in an amount that is less than the amount to which the insured was entitled, is arbitrary and capricious and an abuse of discretion;

(b) The Agency's failure and refusal to issue a noncompliance determination under the WFRP Policy and 7 C.F.R. §400.352(b)(4), *i.e.,* a determination that the AIP its employee, agent or loss adjuster failed to comply with the terms of the policy or procedures issued by FCIC and such failure resulted in the insured receiving a payment in an amount that is less than the

amount to which the insured was entitled, is contrary to controlling law;

(c) The Agency's failure and refusal to issue a noncompliance determination under the WFRP Policy and 7 C.F.R. §400.352(bX4), *i.e.,* a determination that the AIP its employee, agent or loss adjuster failed to comply with the terms of the policy or procedures issued by FCIC and such failure resulted in the insured receiving a payment in an amount that is less than the amount to which the insured was entitled, is unsupported by substantial evidence in the agency hearing record.

(d) The Agency's failure and refusal to issue a noncompliance determination under the WFRP Policy and 7 C.F.R. § 400.352(b)(4), *i.e.,* a determination that the AIP its employee, agent or loss adjuster failed to comply with the terms of the policy or procedures issued by FCIC and such failure resulted in the insured receiving a payment in an amount that is less than the amount to which the insured was entitled, is unwarranted by the facts to the extent that the facts are subject to trial *de novo* by the reviewing District Court.

**ANSWER:** Paragraphs 46(a) through (d) call for a legal conclusion to which no response is required.  To the extent a response is required, paragraphs 46(a) through (d) are denied.

47. In the alternative, this Court should declare that Plaintiff David Finneman is not required to obtain a noncompliance determination under 7 C.F.R. §400.352(b)(4) by RMA to proceed with his state law causes of action of compensatory damages, punitive damages, and attorney's fees and costs in Case No. 5:22-cv-05062-KES.

**ANSWER:** Paragraph 47 calls for a legal conclusion to which no response is required.  To the extent a response is required, paragraph 47 is denied.

WHEREFORE, PREMISES CONSIDERED, Plaintiff David Finneman prays for the judgment of this Court reviewing and reversing the administrative determination of Defendants United States Department of Agriculture, Risk Management Agency and Federal Crop Insurance Corporation, that Plaintiff David Finneman was not entitled to a noncompliance determination under the WFRP Policy and 7 C.F.R. §400.352(b)(4), *i.e.,* a determination that the AIP its employee, agent or loss adjuster failed to comply with the terms of the policy or procedures issued by FCIC and such failure resulted in the insured receiving a payment in an amount that is less than the amount to which the insured was entitled; that the Defendants' administrative determination was arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with controlling law, is unsupported by substantial evidence in the agency hearing record and is unwarranted by the facts to the extent that the facts are subject to trial *de novo* by the reviewing District Court; or in the alternative, declaring that Plaintiff David Finneman is not required to obtain a noncompliance determination under the WFRP Policy and 7 C.F.R. §400.352(b)(4) to proceed with his state law causes of action of compensatory damages, punitive damages, and attorney's fees and costs in Case No. 5:22-cv-05062-KES; and for such other and further relief as may be just and proper.

**ANSWER**: The unnumbered paragraph is a prayer for relief to which no response is required. To the extent a response is required, Defendants deny the allegations and that Plaintiff is entitled to the relief requested.

### AFFIRMATIVE DEFENSES

Defendants raise the following affirmative defenses and reserve the right to assert additional defenses as they become known:

1. Plaintiff has failed to state a claim upon which relief may be granted.

2. The Court lacks subject-matter jurisdiction over some or all claims in the Amended Complaint.

3. The government acted lawfully at all relevant times, and any loss sustained by Plaintiff was sustained without any fault by the government.

4. There is no waiver of immunity or subject matter jurisdiction or in the alternative, Plaintiff has failed to state a claim for his claims which are made beyond the scope of the NAD Director's decision which is on review by this Court.

5. Defendants and their agencies, employees, and agents complied with the regulations issued thereunder, with respect to the actions which are the subject of the Amended Complaint.

6. The challenged agency decisions were not arbitrary, capricious, in excess of statutory jurisdiction, authority, or limitations, or without observance of procedure required by law.

7. Plaintiff does not meet the requirements of 5 U.S.C. § 706(2)(F).

8.        Defendants reserve the right to assert additional defenses throughout the course of this matter as such defenses become known.

Dated this 17th day of January, 2024.

>                          ALISON J. RAMSDELL
>                          United States Attorney
>
>                          */s/ Stephanie C. Bengford*
>                          Stephanie C. Bengford
>                          Assistant U.S. Attorney
>                          P.O. Box 2638
>                          Sioux Falls, SD 57101-2638
>                          (605) 330-4400
>                          Stephanie.Bengford@usdoj.gov