IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

DAVID FINNEMAN,

                      Plaintiff,

v.                                                Case No. 5:23-CV-05034-KES

UNITED STATES DEPARTMENT OF
AGRICULTURE, RISK MANAGEMENT
AGENCY, and FEDERAL CROP INSURANCE
CORPORATION,

                      Defendants.

## PLAINTIFF'S STATEMENT OF MATERIAL FACTS

COMES NOW the Plaintiff, David Finneman, and pursuant to Rule 56(c) of the Federal Rules of Civil Procedure and Local Rule 56.1 submits the following Statement of Material Facts as to which he contends there is no genuine issue:

1. In crop year 2017, Plaintiff David Finneman applied for and was issued a policy of Whole Farm Revenue Protection (WFRP) through Pro Ag, Policy No. 2017-46-987-1029811. *See* Complaint Exhibit 1 (*WFRP Policy*) and Complaint Exhibit 2 (*Pro Ag WFRP Schedule of Insurance*); Administrative Record 000086-000132.

2. Following written submissions by the parties and oral argument of their respective positions, Arbitrator David A. Allgeyer issued his June 20, 2022 (mislabeled "2020"), Findings, Determinations, and Award. *See* Complaint Exhibit 11 (*Findings, Determinations, and Award*) and Administrative Record 001187-001198.

3. Arbitrator Allgeyer awarded Finneman the additional WFRP indemnity under the subject policy, but net of the additional premium previously refunded by Pro Ag. *See* Complaint

Exhibit 11 (Findings, Determinations, and Award) and Administrative Record at 001198.

4. On July 19, 2022, Pro Ag filed with this Court in a separate action a Petition for Vacatur, or in the Alternative, Nullification of the Arbitration Award, with this Court, *Producers Agriculture Insurance Company v. David Finneman*, Case No. 5:22-cv-05062.

5. On October 7, 2022, Finneman filed his Answer and Counterclaim to Pro Ag's Petition requesting confirmation of the arbitration award and, alternatively, seeking the award of compensatory damages, punitive damages, and attorney's fees and costs under state law and as permitted by 7 CFR §400.352(b)(4).

6. Contemporaneously with his Counterclaim, David Finneman requested an RMA determination pursuant to Section 33 of the WFRP Policy and 7 CFR §400.352(b)(4), that Pro Ag failed to comply with the terms of Finneman's 2017 federally reinsured crop insurance policy and the procedures of the FCIC, which resulted in Finneman receiving payment in an amount less than the amount to which he was entitled. *See* Complaint Exhibit 12 (October 7, 2022, Letter to Manzano) and Administrative Record 001081-001097.

7. On October 31, 2022, Defendant RMA issued a final decision letter denying Plaintiff David Finneman's request for a non-compliance determination, which read as follows: without authority to issue a noncompliance determination. RMA wrote as follow:

> The Office of Compliance has received your October 7, 2022, request for a determination, pursuant to section 33 of the 2017 Whole Farm Revenue Protection Pilot Policy ("WFRP Policy") and 7 CFR § 400.352(b)(4).
>
> You sought a determination from the Deputy Administrator of Compliance (DAC) that Producers Agriculture Insurance Company failed to comply with the terms of the 2017 WFRP Policy and applicable Federal Crop Insurance Corporation procedures, that resulted in you receiving payment in an amount less than you were entitled to receive.
>
> ***Regretfully, the 2017 WFRP Policy, which the arbitration was based on, does not have a contract provision that authorizes the DAC to provide such a***

-3-

> *determination*.  As a result, the DAC cannot issue a determination for this case. If you intend to pursue judicial review, you must do so without a determination from the DAC.

*See* Complaint Exhibit 13 (RMA Confirming Request for Determination) and Administrative Record 00002-00003.

8.  On November 29, 2022, Finneman filed a timely appeal of RMA's adverse decision through Defendant USDA's National Appeals Division (NAD).  *See* Complaint Exhibit 14 (November 29, 2022, NAD Appeal Request) and Administrative Record 00004.

9.  On February 22, 2023, Hearing Officer Ryan M. Eagleson upheld Defendant RMA's refusal to render a noncompliance determination.

10.  Finneman filed a timely request for review by the NAD Director, and on April 25, 2023, USDA-NAD Director Frank M. Wood issued a determination dated upholding Hearing Officer Eagleson's decision.  *See* Complaint Exhibit 15 (NAD Appeal Determination) and Administrative Record at 001295-001304; and Complaint Exhibit 16 (Notice of Request for Director Review) and Administrative Record 001305.

11.  Having exhausted all administrative remedies, on May 24, 2023, Plaintiff David Finneman filed his Complaint in the United States District Court for the District of South Dakota, under 5 USC §701, *et. seq.*, seeking to set aside the adverse determination of the Agency Defendants as arbitrary and capricious, contrary to controlling law and unsupported by substantial evidence.

        Respectfully submitted,

        TIESZEN LAW OFFICE, PROF LLC
        306 East Capital Avenue
        Suite 300
        Post Office Box 550
        Pierre, South Dakota 57501
        Phone: 605-224-1500
        naomic@tieszenlaw.com

        /s/ Naomi R. Cromwell
        NAOMI R. CROMWELL
        South Dakota Bar No. 3054
        Attorney for Plaintiff

OF COUNSEL:

WENDELL L. HOSKINS II
LAW OFFICE OF
WENDELL L. HOSKINS II
404 Ward Avenue
Post Office Box 1115
Caruthersville, Missouri 63830
Phone: 573-333-2600
Fax: 573-333-2041
Wendell@WendellHoskins.com
(Admission *Pro Hac Vice*)

## CERTIFICATE OF SERVICE

      I, NAOMI R. CROMWELL, attorney for Plaintiff in the above styled and numbered cause, do hereby certify that I have this day served by electronic means through the Court's electronic filing system pursuant to Fed. R. Civ. P. 5(b)(2)(E) a true and correct copy of the foregoing pleading to Stephanie Bengford, AUSA, District of South Dakota, 325 South First Avenue, Suite 300, Sioux Falls, South Dakota 57101-2638.

      THIS, the 25th day of March, 2024.

                                      /s/ *Naomi R. Cromwell*
                                      NAOMI R. CROMWELL