IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

DAVID FINNEMAN,

                Plaintiff,

v.                                        Case No.: 5:23-CV-05034-KES

UNITED STATES DEPARTMENT OF
AGRICULTURE, RISK MANAGEMENT
AGENCY, and FEDERAL CROP
INSURANCE CORPORATION,

                Defendants.

**MEMORANDUM BRIEF IN SUPPORT OF
PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

COMES NOW the Plaintiff, David Finneman, by and through counsel, pursuant to Rule 56(a) of the Federal Rules of Civil Procedure, and in support of Plaintiff's Motion for Summary Judgment provides this Memorandum Brief as follows:

## I. INTRODUCTION

This matter comes before the Court on Plaintiff's Complaint seeking judicial review of the final administrative decision of the United States Department of Agriculture's ("USDA") National Appeals Division ("NAD") and its Director dated April 25, 2023. Plaintiff seeks summary judgment as to the obligation of Defendants United States Department of Agriculture, Risk Management Agency and Federal Crop Insurance Corporation (collectively, "Agency Defendants") under 7 CFR §400.352(b)(4) to provide Finneman with a noncompliance determination, *i.e.* a determination that Producer's Agriculture Insurance Company (Pro Ag or AIP), its employee, agent or loss adjuster failed to comply with the terms of the policy or

procedures issued by FCIC and such failure resulted in the insured receiving payment in an amount that is less than the amount to which the insured was entitled.

The Plaintiff has exhausted all administrative remedies, and there is no genuine issue of material fact. Based upon the argument and authority set forth herein, Plaintiff is entitled to judgment as a matter of law pursuant to 5 USC §706(2)(f).

## II. STATEMENT OF FACTS AND PROCEDURAL HISTORY

In crop year 2017, Plaintiff David Finneman applied for and was issued a policy of Whole Farm Revenue Protection ("WFRP") through Approved Insurance Provider (AIP) Producers Agriculture Insurance Company ("Pro Ag"), Policy No. 2017-46-987-102811. *See* Complaint Exhibit 2 (*Schedule of Insurance*) and Administrative Record at 000407-000414. Crop year 2017 was the first year in which Finneman farmed in his individual capacity, having previously farmed as part of a South Dakota limited liability company, C & D Acres, LLC.

C & D Acres, LLC was previously established by Finneman and his wife, Connie, but by Dissociation filed with the South Dakota Secretary of State on May 16, 2011, Connie Finneman "voluntarily dissociate[d] from C&D Acres LLC because of physical and health reasons." *See* Complaint Exhibit 3 (Dissociation of C & D Acres, LLC). Thereafter, C & D Acres, LLC continued to farm as a single-member LLC, including the following crops insured by AIP Pro Ag under traditional Multiple Peril Crop Insurance (MPCI) policies in crop year 2017:

| **Pro Ag Policy No.** | **Crop** | **Acres** | **County, State** |
|---|---|---|---|
| 20-987-1031310 | Soybeans | 213.3 | Kingman County, Kansas |
| 46-987-1031311 | Safflower | 178.4 | Pennington County, South Dakota |
| 46-987-1031314 | Safflower | 473.7 | Meade County, South Dakota |
| 46-987-1031638 | Soybeans | 53.2 | Aurora County, South Dakota |
| 46-987-1031641 | Soybeans | 124.9 | Jerauld County, South Dakota |

*See* Complaint Exhibits 4, 5, 6, 7, and 8 (*Schedules of Insurance*) and Administrative Record at 001159-001176.

In addition to C & D Acres, LLC's crops listed above (and insured by separate Pro Ag MPCI policies as provided), Finneman farmed in his individual capacity 316.0 acres of non-irrigated corn and 280.0 acres of non-irrigated safflower in Pennington County, South Dakota. Although available (at least for the safflower), Finneman did not take out a separate MPCI policy on the corn and safflower acres farmed in his individual capacity and covered by Pro Ag WFRP Policy No. 2017-46-987-1029811.  *See* Complaint Exhibit 2 (WFRP *Schedule of Insurance*) and Administrative Record 000407-000414.

Following the acceptances of Finneman's WFRP application, Pro Ag issued a *Schedule of Insurance* for Policy No. 2017-46-987-1029811, confirming "Whole-Farm Liability" of $147,096.00 and "MPCI Liability" of $0.00.  Notably, no "Associated Underlying MPCI Coverage" is listed in the Pro Ag WFRP *Schedule of Insurance*.  It is undisputed that Finneman incurred an otherwise insurable loss under his 2017 WFRP Policy.  Furthermore, it is undisputed that the corn and safflower acres insured under Pro Ag WFRP Policy No. 2017-46-987-1029811 produced no revenue.

In its April 20, 2018, determination letter, Pro Ag advised Finneman that WFRP Policy No. 2017-46-987-1029811 was being voided, that Pro Ag's "Whole-Farm Liability" was being revised to zero, and that Pro Ag would be keeping 20 percent of Finneman's previously paid premium.  Specifically, Pro Ag determined that Connie Finneman, David's wife, had a substantial beneficial interest ("SBI") in the crops insured under Pro Ag Policy No. 2017-46-987-1029811, having failed to meet the "legally separated" requirement of the WFRP Policy and

FAD-049.  *See* Complaint Exhibit 9 (April 20, 2018, Pro Ag Correspondence) and Administrative Record at 001177.

On April 15, 2019, Finneman filed his Demand for Arbitration in accordance with the mandatory arbitration provision set forth in Section 33 of the *Whole Farm Revenue Protection Pilot Policy*, challenging the April 20, 2018, indemnity determination of Pro Ag.  The "legally separated" issue was resolved in the arbitration in favor of David Finneman by Arbitrator's Order dated January 13, 2021 (mislabeled "2020").  *See* Complaint Exhibit 10 (Order on Summary Disposition) and Administrative Record at 001182-001186.

Following written submissions by the parties and oral argument of their respective positions, Arbitrator David A. Allgeyer issued his June 20, 2022 (mislabeled "2020"), Findings, Determinations, and Award in favor of David Finneman, finding that Pro Ag's calculation of Finneman's Allowable Revenue was acceptable, but properly disregarded the revenue of the separate entity, C & D Acres, LLC.  Arbitrator Allgeyer awarded Finneman the additional WFRP indemnity under the subject policy, but net of the additional premium previously refunded by Pro Ag.  *See* Complaint Exhibit 11 (Findings, Determinations, and Award) and Administrative Record at 001198.

Having lost at arbitration, Pro Ag filed a Petition for Vacatur, or in the Alternative, Nullification of the Arbitration Award, on July 19, 2022, with this Court.  Finneman filed his Answer and Counterclaim to Pro Ag's Petition on October 7, 2022, requesting confirmation of the arbitration award and, alternatively, seeking the award of compensatory damages, punitive damages, and attorney's fees and costs under state law and as permitted by 7 CFR

§400.352(b)(4).  *See Producers Agriculture Insurance Company v. David Finneman*, July 19, 2022, Case No. 5:22-cv-05062.[1]

Simultaneously with the filing of his Counterclaim, Finneman requested an RMA determination pursuant to Section 33 of the WFRP Policy and 7 CFR §400.352(b)(4), that Pro Ag failed to comply with the terms of Finneman's 2017 federally reinsured crop insurance policy and the procedures of the FCIC, which resulted in Finneman receiving a payment in an amount less than the amount to which he was entitled.  *See* Complaint Exhibit 12 (October 7, 2022, Letter to Manzano) and Administrative Record 001199-001201.

On October 31, 2022, Defendant RMA issued a final decision letter denying Finneman's request for a non-compliance determination, refusing to take up the issue.  Defendant RMA determined the Agency lacked the authority to issue a compliance determination due to the absence of policy provision within the 2017 WFRP Policy equivalent to Section 20(i) of the traditional Multiple Peril Crop Insurance (MPCI) policy: "Regretfully, the 2017 WFRP Policy, which the arbitration was based on, does not have a contract provision which authorizes the DAC to provide such a determination."  *See* Complaint Exhibit 13 (October 31, 2022, RMA Determination) and Administrative Record 00002-00003.

Finneman appealed RMA's adverse decision on November 29, 2022, through Defendant USDA's National Appeals Division asserting that the absence of the familiar "Section 20(i) language" in Section 33 of the WFRP Policy was inconsequential as 7 CFR §400.352(b)(4) included the same authorization (and indeed, obligation) to provide an insured a determination whether the AIP or its agents and employees violated FCIC practice and procedure, resulting in

---

[1] That matter is presently pending before this Court on competing Motions for Summary Judgment.

an insured's receiving payment in an amount less than he was entitled.  *See* Complaint Exhibit 14 (November 29, 2022, NAD Appeal Request) and Administrative Record 00008-000010.

On February 22, 2023, Hearing Officer Ryan M. Eagleson upheld Defendant RMA's refusal to render a noncompliance determination, reasoning that 7 CFR §400.352(b)(4), in absence of the familiar "Section 20(i) language" in Section 33 of the WFRP Policy, neither authorized nor obligated the Agency Defendants to issue a noncompliance determination.  *See* Complaint Exhibit 15 (NAD Appeal Determination) and Administrative Record at 001295-001304.  Finneman disputed the conclusions of the February 22, 2023, Appeal Determination, and sought Director Review through Defendant USDA's National Appeals Division.  *See* Complaint Exhibit 16 (Notice of Request for Director Review) and Administrative Record 001305.

USDA-NAD Director Frank M. Wood issued a determination dated April 25, 2023, upholding Hearing Officer Eagleson's decision.  *See* Complaint Exhibit 17 (Director Review Determination) and Administrative Record 001311-001317.  Having exhausted all administrative remedies, on May 24, 2023, Plaintiff David Finneman filed his Complaint in the United States District Court for the District of South Dakota, under 5 USC §701, *et. seq.*, seeking to set aside the adverse determination of the Agency Defendants as arbitrary and capricious, contrary to controlling law and unsupported by substantial evidence.[2]

### III.  LEGAL ARGUMENT AND AUTHORITY

#### A.  Standard of Review Under Rule 56(a)

---

[2] To be clear, Plaintiff maintains his argument in the companion case before this Court that (a) Finneman is entitled to have his arbitration award confirmed 9 USC §9; and (b) Finneman is not required to obtain a noncompliance determination under 7 CFR §400.352(b)(4) as a prerequisite to his recover under state law tort-based remedies.  *See Producers Agriculture Insurance Company v. David Finneman,* Case No. 5:22-cv-05062-KES.

Summary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The court must view the facts of the motion in the light most favorable to the non-moving party. *See Van Dorn v. Hunter*, 919 F.3d 541 (8th Cir. 2019).

A court should grant summary judgment "[w]here there is no dispute of material fact and reasonable fact finders could not find favor of the nonmoving party[.]" *See Fercello v. Cnty. of Ramsey*, 612 F.3d 1069 (8th Cir. 2010). A motion for summary judgment should be granted "after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *See Celotex* 477 U.S. at 322.

Here, there is no genuine issue of material fact that would preclude summary judgment. Rather, the question presented is a purely legal one – whether the Agency Defendants were obligated under 7 CFR §400.352(b)(4) to provide Finneman with a noncompliance determination, *i.e.* a determination that Producer's Agriculture Insurance Company (Pro Ag or AIP), its employee, agent or loss adjuster failed to comply with the terms of the policy or procedures issued by FCIC and such failure resulted in the insured receiving payment in an amount that is less than the amount to which the insured was entitled, even though the 2017 version of the WFRP policy did not include the familiar "Section 20(i) language" from the traditional MPCI policy. Because the answer to that question is in the affirmative, and because the Agency Defendants failed and refused to provide any such determination, Plaintiff David Finneman is entitled to the summary judgment of this Court.

### B.  Standard of Review Under the Administrative Procedures Act

The Administrative Procedures Act ("APA") governs the District Court's review of agency action, or in this case, inaction.  *See* 5 USC §701, *et. seq*.  Accordingly, this Court "must make a 'searching and careful' review but may only set aside decisions that are 'arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law.'"  *See Midland Farms, LLC v. U.S. Dept of Agriculture*, No. 3:13–CV–03029–RAL, 2015 WL 4603261 *2, (D.S.D. July 29, 2015); *see also Friends of Richards-Gebaur Airport v. F.A.A.,* 251 F.3d 1178, 1185 (8th Cir. 2001).  The Court, in its review, must determine "whether the decision was based on a consideration of the relevant factors and whether there has been a clear error of judgment." *See Downer v. U.S. By & Through U.S. Dept. of Agric. & Soil Conservation Serv.,* 97 F.3d 999, 1002 (8th Cir. 1996).

"Agency action is considered arbitrary and capricious when the agency has relied on factors which congress has not intended it to consider, entirely failed to consider an important aspect of the problem, [or] offered an explanation for its decision that runs counter to the evidence itself to make up for such deficiency[.]" *See Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. State Farm Mut. Auto. Ins. Co.,* 463 U.S. 29, 43, 103 S. Ct. 2856, 77 L. Ed. 2d 443 (1983); *see also In re Operation of Missouri River System Litigation,* 421 F.3d 618, 628 (8th Cir. 2005); *Central South Dakota Co-op. Grazing Dist. v. Secretary of U.S. Dept. of Agriculture*, 266 F.3d 889, 894 (8th Cir. 2001).

Although a district court may not substitute its own view for that of the agency, federal agencies remain "required to engage in reasoned decision making.  [citations omitted].  The process by which an agency reaches a result must be 'logical and rational' . . . And an agency action must rest "on a consideration of the relevant factors.'"  *See Midland Farms*, 2015 WL

4603261 *2; *see also Central South Dakota Co-op. Grazing Dist. v. Secretary of U.S. Dept. of Agriculture*, 266 F.3d 889, 895 (8th Cir. 2001).  An "agency's overreaching and erroneous interpretation of the statute cannot be 'in accordance with law.'"  *See Barthel v. U.S. Dept. of Agriculture*, 181 F.3d 934, 937 (1999) ("Certainly there is no worse statute than one misunderstood by those who interpret it.").

### C.  RMA's Authority to Make a Determination

In response to Finneman's timely request for a noncompliance determination, the Agency Defendants concluded that, because the 2017 WFRP policy inexplicably omitted the familiar "Section 20(i) language" of the traditional MPCI policy, RMA's Office of Compliance was without authority to issue a noncompliance determination.  RMA wrote as follows:

> The Office of Compliance has received your October 7, 2022, request for a determination, pursuant to section 33 of the 2017 Whole Farm Revenue Protection Pilot Policy ("WFRP Policy") and 7 CFR § 400.352(b)(4).
>
> You sought a determination from the Deputy Administrator of Compliance (DAC) that Producers Agriculture Insurance Company failed to comply with the terms of the 2017 WFRP Policy and applicable Federal Crop Insurance Corporation procedures, that resulted in you receiving payment in an amount less than you were entitled to receive.
>
> ***Regretfully, the 2017 WFRP Policy, which the arbitration was based on, does not have a contract provision that authorizes the DAC to provide such a determination***.  As a result, the DAC cannot issue a determination for this case.  If you intend to pursue judicial review, you must do so without a determination from the DAC.

*See* Complaint Exhibit 13 (RMA Confirming Request for Determination) and Administrative Record 00002-00003.

Notably, the RMA changed the WFRP policy in 2019, explaining that it "[a]dded language to Section 33 regarding recovery of certain fees and expenses during judicial review."

*See* https://www.rma.usda.gov/Policy-and-Procedure/Bulletins-and-Memos/2018/PM-18-043.  In fact, the 2019 WFRP Policy added the following language as Section 33(j):

> (j) In a judicial review only, you may recover attorney's fees or other expenses, or any punitive, compensatory or any other damages from us only if you obtain a determination from FCIC that we, our agent or loss adjuster failed to comply with the terms of this policy or procedures issued by FCIC and such failure resulted in you receiving a payment in an amount that is less than the amount to which you were entitled.  Requests for such a determination should be addressed to the following: USDA/RMA/Deputy Administrator of Compliance/Stop 0806, 1400 Independence Avenue, S.W., Washington DC 20250-0806

*See* https://legacy.rma.usda.gov/policies/wfrp/2019/19-0076.pdf.

The familiar "Section 20(i) language" of the *Basic Provisions* of the MPCI policy includes the following identical language:

> (i) In a judicial review only, you may recover attorneys fees or other expenses, or any punitive, compensatory or any other damages from us only if you obtain a determination from FCIC that we, our agent or loss adjuster failed to comply with the terms of this policy or procedures issued by FCIC and such failure resulted in you receiving a payment in an amount that is less than the amount to which you were entitled.  Requests for such a determination should be addressed to the following: USDA/RMA/Deputy Administrator of Compliance/Stop 0806, 1400 Independence Avenue, SW, Washington D.C. 20250-0806.

*See* 7 CFR §457.8; *see also* https://legacy.rma.usda.gov/policies/2018/18-br.pdf.

But the language found in Section 20(i) of the traditional MPCI policy, now adopted in the WFRP policy since crop year 2019, is also found in 7 CFR §400.352(b)(4).  Section 400.352(a) provides that "[n]o State or local governmental body or non-governmental body shall have the authority to promulgate rules or regulations, pass laws, or issue policies or decisions that directly or indirectly affect or govern agreements, contracts, or actions authorized by this part unless such authority is specifically authorized by this part or by the [FCIC]."  *See* 7 CFR §400.352(a).  Section §400.352(b) includes "a non-exhaustive list of examples of actions that State or local governmental entities or non-governmental entities are specifically prohibited from

taking against the Corporation or any party that is acting pursuant to this part." *Id.* "Such entities may not:"

> (4) Levy fines, judgments, punitive damages, compensatory damages, or judgments for attorney fees or other costs against companies, employees of companies including agents and loss adjusters, or Federal employees of arising out of actions or inactions on the part of such individuals and entities authorized or required under the Federal Crop Insurance Act or by regulations, or procedures issued by the Corporation . . .

*See* 7 CFR §400.352(b)(4).

Importantly, 7 CFR §400.352(b)(4) includes the following parenthetical:

> ***(Nothing herein precludes such damages being imposed against the company if a determination is obtained from FCIC that the company, its employee, agent or loss adjuster failed to comply with the terms of the policy or procedures issued by FCIC and such failure resulted in the insured receiving payment in an amount that is less than the amount to which the insured was entitled);…***

*Id.* (emphasis added).[3]

Thus, any grant of immunity from suit on a federally-reinsured crop insurance contract is limited to circumstances under which the AIP and its agents and adjusters complied with the terms of the policy and the procedures issued by FCIC. *See* 7 CFR §400.352(b)(4). Where "a determination is obtained from FCIC that the company, its employee, agent or loss adjuster failed to comply with the terms of the policy or procedures issued by FCIC and such failure resulted in the insured receiving payment in

---

[3] Similarly, 7 CFR § 400.176(b), which was repealed on November 13, 2018, provided:
(b) No policy of insurance reinsured by the Corporation an no claim, settlement, or adjustment action with respect to any such policy shall provide a basis for a claim of punitive damages or an award of attorneys fees or other costs against the Company issuing such policy, ***unless a determination is obtained from the Corporation that the Company, its employee, agent or loss adjuster failed to comply with the terms of the policy or procedures issued by the Corporation and such failure resulted in the insured receiving a payment in an amount that is less than the amount to which the insured was entitled.***
*See* 7 CFR §400.176(b) (emphasis added).

an amount that is less than the amount to which the insured was entitled)," nothing in Section 400.352(b)(4) "precludes such damages being imposed against the company." *Id.*

Conventional rules of statutory construction dictate that a statute or regulation be construed in the context of the entire statutory scheme and that the construction avoids rendering any provision ambiguous, extraneous, or redundant. *See. e.g., United States v. Ron Air Enterprises,* 489 U.S. 235, 109 S.Ct. 1026, 103 L.Ed. 2d 290 (1989); *Caminetti v. United States*, 242 U.S. 470, 37 S. Ct. 192, 61 L.Ed. 442 (1917); *DeSisto College, Inc. v. Town of Howey-in-the-Hills*, 888 F.2d 766 (11th Cir.); *United States v. Murphy*, 35 F.3d 143 (4th Cir. 1994); *see also Roberto v. Department of Navy*, 440 F.3d 1341, 1350 (Fed. Cir. 2006) ("The rules of statutory construction apply when interpreting agency regulation.")

If 7 CFR §400.352(a) and (b) limit the authority of courts to impose judgments for certain damages, and 7 CFR §400.352(b)(4) includes a specific provision by which such damages can be awarded, how can that specific provision be ignored? How can one simply write out of 7 CFR §400.352 the parenthetical that breathes life into Plaintiff David Finneman's action for "judicial review"? How can RMA be without "authority" to issue a determination that is the very creature of 7 CFR §400.352(b)(4)? Such a conclusion is unsound, and it ignores the clear intent, language and logic of the federal regulation. If a noncompliance determination from FCIC and RMA is a prerequisite to judicial review under Section 33 of the WFRP policy, how can there be no means by which to obtain that prerequisite?

### D. *Plants/Pelzer/Dixon* Line of Cases

If this Court does not find that Plaintiff David Finneman was entitled to a noncompliance determination under the express authority provided by the Defendants, then this Court should

find that Plaintiff did not need the determination of the Defendants in order to seek compensatory damages, punitive damages, and attorney's fees and costs in Case No. 5 :22-cv-05062-KES. As previously noted, and as more extensively argued in the companion case, *Producers Agriculture Insurance Company v. David Finneman,* Case No. 5:22-cv-05062-KES, Plaintiff maintains that under the *Plants-Pelzer-Dixon* line of cases, there is an availability of state law causes of action against the AIP. *See J.O.C. Farms, LLC v. Fireman's Fund Insurance Company*, 737 Fed. Appx. 652 (2018); *Dixon v. Producers Agric. Ins. Co.*, 198 F.Supp.3d 832, 839-41 & n.10 (M.D. Tenn. 2016); *Pelzer v. ARMtech Ins. Servs., Inc*., 928 F.Supp.2d 1071, 1076-79, 1081 (E.D. Ark. 2013); *Plants, Inc. v. Fireman's Fund Ins. Co*., 2012 WL 3291805, *11 (Tenn. Ct. App. 2012).

The *Dixon* decision followed the Tennessee Court of Appeals' decision in *Plants, Inc. v. Fireman's Fund Insurance Company* and the United States District Court for the Eastern District of Arkansas' decision in *Pelzer v. ARMtech Insurance Services, Inc*., as well as the RMA's issuance of Final Agency Determinations FAD-240 and FAD-251. *See Dixon*, 198 F.Supp. at 841. n. 10. In fact, as the *Dixon* court noted, FAD-240 and FAD-251 were published by FCIC in response to the Dixon court's own order denying the defendant's motion to dismiss the plaintiff's tort claims – claims of negligent and intentional misrepresentation, much like the current claims of Finneman's claims against Pro Ag's employees. *See Dixon*, 198 F.Supp. at 384-35.

The *Dixon* court held, "After reviewing the applicable case law and the relevant statutes, the Court agrees with the *Plants* court and finds **Plaintiffs' claims for negligent and intentional misrepresentation are not preempted under the FCIA, federal regulations, or the policy terms** — and as such, are not barred by any statute of limitations under the MPCI policy nor are Plaintiffs prohibited from seeking extra-contractual and punitive damages here." *Id.* at 841, n. 9,

10, 11 (emphasis added); *see also Plants, Inc. v. Fireman's Fund Ins. Co.*, 2012 WL 3291805, *11 (Tenn. Ct. App. 2012) ("state tort claims for negligence, misrepresentation, and fraud do not arise from the policy of insurance itself but from alleged tortious actions taken prior to the agreement being made or that occurred outside the scope of the policy" and therefore are not preempted by FCIA and do not invoke the requirements of 7 CFR §400.176 and 7 CFR §400.352); *Pelzer v. ARMtech Insurance Services, Inc.*, 928 F.Supp.2d 1071 (E.D. Ark. 2013). ("At present, federal crop insurance regulations 'reveal no conflict with state law claims for negligence, misrepresentation, or fraud.'"); *Nobles v. Rural Community Insurance Services*, 122 F.Supp. 2d 1290, 1292 (M.D. Ala. 2000) ("The [Risk Management Agency] RMA has not extinguished state law causes of action that may arise from tortious conduct by private companies selling RMA-approved reinsurance contracts."); s*ee also Rio Grande Underwriters, Inc. v. Pitts Farms, Inc.*, 276 F.3d at 633, 685-86 (5th Cir. 2001); *Meyer v. Conlon*, 162 F.3d 1264, 1268-70 (10th Cir. 1998); *Williams Farms of Homestead, Inc. v. Rain and Hail Ins. Servs., Inc.*, 121 F.Supp. 630, 633 (11th Cir. 1997); *Holman v. Laulo-Rowe Agency*, 994 F.2d 666, 669 (9th Cir. 1993); *Wannamaker v. Lawson*, 871 F.Supp. 2d 735, 743 (E.D. Tenn. 2012); *Skymont Farms v. North*, 862 F.Supp. 2d 755, 760 (E.D. Tenn. 2012); *Agre v. Rain & Hail, LLC*, 196 F.Supp. 2d 905, 911-12 (D. Minn. 2002); *Hyzer v. Cigna Prop. Cas. Ins. Co.*, 884 F.Supp. 1146, 1149-53 (E.D. Mich. 1995); *O'Neal v. Cigna Prop. Cas. Ins. Co.*, 878 F.Supp. 848, 850-52 (D.S.C. 1995); *Dailey v. American Growers, Ins.*, 103 S.W.3d 60, 66 (Ky. 2012); *Hobbs v. IGF Ins. Co.*, 834 So. 2d 1069, 1071-75 (La. Ct. App. 2002); *Lyerly v. American Nat. Fire Ins. Co.*, 343 S.C. 401, 409-10 (Ct. App. 2000).

If Plaintiff is not entitled to recover his indemnity under the WFRP policy and 7 CFR §400.352(b)(4), current law permits him to proceed with his tort-based remedies as an alternative to recovery under the WFRP policy and the arbitration award entered in his favor.

## IV.  CONCLUSION

Based upon the foregoing argument and authority, Plaintiff David Finneman moves this Court for an Order of Summary Judgment against Defendants United States Department of Agriculture, Risk Management Agency, and Federal Crop Insurance Corporation on the sole legal issue of whether the Agency Defendants were obligated under 7 CFR §400.352(b)(4) to provide Finneman with a noncompliance determination, *i.e.* a determination that Producer's Agriculture Insurance Company (Pro Ag or AIP), its employee, agent or loss adjuster failed to comply with the terms of the policy or procedures issued by FCIC and such failure resulted in the insured receiving payment in an amount that is less than the amount to which the insured was entitled, even though the 2017 version of the WFRP policy did not include the familiar "Section 20(i) language" from the traditional MPCI policy.

    Respectfully submitted,

    TIESZEN LAW OFFICE, PROF LLC
    306 East Capital Avenue
    Suite 300
    Post Office Box 550
    Pierre, South Dakota 57501
    Phone: 605-224-1500
    naomic@tieszenlaw.com

    /s/ Naomi R. Cromwell
    NAOMI R. CROMWELL
    South Dakota Bar No. 3054
    Attorney for Plaintiff

-16-

OF COUNSEL:

WENDELL L. HOSKINS II
LAW OFFICE OF
WENDELL L. HOSKINS II
404 Ward Avenue
Post Office Box 1115
Caruthersville, Missouri 63830
Phone: 573-333-2600
Fax: 573-333-2041
Wendell@WendellHoskins.com
(Admission *Pro Hac Vice*)

## CERTIFICATE OF SERVICE

I, NAOMI R. CROMWELL, attorney for Plaintiff in the above styled and numbered cause, do hereby certify that I have this day served by electronic means through the Court's electronic filing system pursuant to Fed. R. Civ. P. 5(b)(2)(E) a true and correct copy of the foregoing pleading to Stephanie Bengford, AUSA, District of South Dakota, 325 South First Avenue, Suite 300, Sioux Falls, South Dakota 57101-2638.

THIS, the 25th day of March, 2024.

/s/ *Naomi R. Cromwell*
NAOMI R. CROMWELL