IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

DAVID FINNEMAN,

          Plaintiff,

v.                                         Case No. 5:23-cv-05034-KES

UNITED STATES DEPARTMENT OF
AGRICULTURE, RISK MANAGEMENT
AGENCY, and FEDERAL CROP
INSURANCE CORPORATION,

          Defendants.

## PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

COMES NOW the Plaintiff, David Finneman, by and through counsel, and pursuant to Rule 56(b) of the Federal Rules of Civil Procedure responds to the Defendants' Motion for Summary Judgment as follows:

Contrary to the suggestion of the Defendants, Plaintiff David Finneman does not seek "to use 706(2)(f) as authority for the judge to step into RMA's shoes and make the noncompliance determination instead of RMA." *See* Defendants' Brief at 1. Rather, as explained in further detail in his competing Motion for Summary Judgment and Memorandum Brief in Support of Motion for Summary Judgment, Plaintiff seeks review of the Defendants' agency action under the Administrative Procedures Act ("APA"). *See Bottoms Farm Partnership v. Perdue,* 895 F.3d 1070, 1073 (8th Cir. 2018) (reviewing court has authority to decide relevant questions of law, interpret constitutional and statutory provisions, and determine the meaning of agency actions under 5 USC §706); *Dawson Farms v. Risk Management Agency*, 698 F.3d 1079 (8th Cir. 2012)

(agency decisions shall be set aside if they are arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law); *Midland Farms, LLC v. U.S. Department of Agriculture*, 35 F. Supp. 3d 1056 (D.S.D. 2014) (if a person has suffered a legal wrong or has been adversely impacted by agency action they may seek judicial review).

Defendants United States Department of Agriculture, Risk Management Agency and Federal Crop Insurance Corporation (collectively, "Agency Defendants") incorrectly assert that Plaintiff David Finneman lacks standing to seek judicial review of the Defendants' failure and refusal to make a noncompliance determination. Federal statute grants this Court specific jurisdiction to review and enforce final determinations of the National Appeals Division. *See* 7 USC §6999 ("A final determination shall be reviewable and enforceable by any United States district court of competent jurisdiction in accordance with chapter 7 of Title 5."). This Court and others in the Eighth Circuit have routinely reviewed the final determinations of NAD as they relate to crop insurance issues and pronouncements by the Defendant Agencies. *See, e.g., Midland Farms, LLC v. U.S. Department of Agriculture*, 35 F. Supp. 3d 1056 (D.S.D. 2014); *Foster v. Visack*, CIV. 13-4060-KES, 2014 WL5512905 (D.S.D. Oct. 31, 2014) *aff'd*, 820 F.3d 330 (8th Cir. 2016) (Appeal from NAD deputy director's adverse decision); *DL Farms LLC v. United States*, 3:21-CV-144, 2023 WL5721700 (D.N.D. Sept. 3 2023) (determination that farmer failed to follow good farming practices as delegated by his crop insurance policy was subject to review under 5 USC §706); *Biby v. United States Department of Agriculture*, 3:16-CV-87, 2017 WL2991440 at 7 (D.N.D. June 7, 2017) (suffering a legal wrong due to agency action creates standing under APA); *Wiley v. Glickman*, A3-99-32, 1999 WL33283312 (D.N.D. Sept. 3, 1999)

(Farmer's appeal of Federal crop insurance policies was subject to review pursuant to 5 USC §706).

The above styled civil action presents a simple and straightforward question: Does 7 CFR §400.352(b)(4) require the Defendants to make a noncompliance determination in absence of the familiar Section 20(i) language found in the *Basic Provisions* of the *Common Crop Insurance Policy* but inexplicitly omitted from the Section 33 of the Whole Farm Revenue Protection Policy? As argued in more detail in Plaintiff David Finneman's Memorandum Brief in Support of Motion for Summary Judgment, the language found in Section 20(i) of the *Basic Provisions* of the *Common Crop Insurance Policy* (and in later versions of the WFRP policy) are also codified in 7 CFR §400.352(b)(4).

Section 400.352's grant of immunity from suit on a federally-reinsured crop insurance contract is limited to circumstances under which the AIP and its agents and adjusters complied with the terms of the policy and the procedures issued by FCIC. *See* 7 CFR §400.352(b)(4). Where "a determination is obtained from FCIC that the company, its employee, agent or loss adjuster failed to comply with the terms of the policy or procedures issued by FCIC and such failure resulted in the insured receiving payment in an amount that is less than the amount to which the insured was entitled)," nothing in Section 400.352(b)(4) "precludes such damages being imposed against the company." *Id.*

Thus, neither the NAD nor this Court need inject a missing term into the WFRP contract. If the protective, preemptive provision of 7 CFR §400.352(b)(4) is to have legal effect, so too must its parenthetical. *Id.* ("(Nothing herein precludes such damages being imposed against the company if a determination is obtained from FCIC that the company, its employee, agent or loss

adjuster failed to comply with the terms of the policy or procedures issued by FCIC and such failure resulted in the insured receiving payment in an amount that is less than the amount to which the insured was entitled);").

If FCIC is not obligated to make the determination – either of compliance or noncompliance – the provisions of 7 CFR §400.352(b)(4) can have no effect.  Such a result is inconsistent with the entirety of the statutory scheme before us in Title 7 of the United States Code.  *See Utility Air Regulatory Group v. Environmental Protection Agency*, 573 U.S. 302, 307, 134 S.Ct. 2427, 189 L.Ed. 2d 372 (2014) ("Agencies are not free to "adopt ... unreasonable interpretations of statutory provisions and then edit other statutory provisions to mitigate the unreasonableness.") (citation omitted).

Thus, the Defendants' Motion for Summary Judgment must be denied and the Plaintiff's Motion for Summary Judgment granted, and the Agency Defendants compelled to make a FCIC determination that Pro Ag, its employee, agent or loss adjuster failed to comply with the terms of the policy or procedures issued by FCIC and that such failure resulted in the insured receiving payment in an amount that is less than the amount to which the insured was entitled.

Respectfully submitted,

TIESZEN LAW OFFICE, PROF LLC
306 East Capital Avenue
Suite 300
Post Office Box 550
Pierre, South Dakota 57501
Phone: 605-224-1500
naomic@tieszenlaw.com

/s/ Naomi R. Cromwell
NAOMI R. CROMWELL
South Dakota Bar No. 3054
Attorney for Plaintiff

OF COUNSEL:

WENDELL L. HOSKINS II
LAW OFFICE OF
WENDELL L. HOSKINS II
404 Ward Avenue
Post Office Box 1115
Caruthersville, Missouri 63830
Phone: 573-333-2600
Fax: 573-333-2041
Wendell@WendellHoskins.com
(Admission *Pro Hac Vice*)

## CERTIFICATE OF SERVICE

I, NAOMI R. CROMWELL, attorney for Plaintiff in the above styled and numbered cause, do hereby certify that I have this day served by electronic means through the Court's electronic filing system pursuant to Fed. R. Civ. P. 5(b)(2)(E) a true and correct copy of the foregoing pleading to Stephanie Bengford, AUSA, District of South Dakota, 325 South First Avenue, Suite 300, Sioux Falls, South Dakota 57101-2638.

THIS, the 23rd day of April, 2024.

/s/*Naomi R. Cromwell*
NAOMI R. CROMWELL