UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| DAVID FINNEMAN,<br><br>    Plaintiff,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF AGRICULTURE, RISK MANAGEMENT AGENCY, and FEDERAL CROP INSURANCE CORPORATION,<br><br>    Defendants. | 5:23-cv-05034-KES<br><br>DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT |

      COMES NOW the Defendants, the United States Department of Agriculture ("USDA"), Risk Management Agency ("RMA"), and Federal Crop Insurance Corporation ("FCIC"), and, in accordance with Federal Rule of Civil Procedure 56, submit the following response brief opposing Plaintiff's motion for summary judgment in this matter.

      Plaintiff in the above-captioned case has filed this action against the USDA, the FCIC and RMA. Plaintiff seeks judicial review of the agency declining to make a determination whether or not Approved Insurance Provider ("AIP") Producers Agricultural Insurance Company ("Pro Ag") administered Plaintiff's policy in compliance with the program requirements and policy provisions. Plaintiff's memorandum sets out requesting relief pursuant to 5 U.S.C. § 706(2)(F) (Doc. 41 at 2). However, despite initially citing to subsection (F), Plaintiff's brief then goes on to argue the applicable standard as whether the decision of the agency was arbitrary and capricious, and abuse of discretion or otherwise not in accordance with the law. Doc. 41 at 8-9. Whether the substantial evidence standard applies here or the arbitrary and capricious standard (Doc. 38 at 13-14), judgment should be entered in favor of Defendants.

If Defendants are correctly following Plaintiff's argument, Plaintiff first argues that the interpretation of the statutes require RMA to issue a noncompliance decision because of the parenthetical language in 7 C.F.R. § 400.352(b)(4). Doc. 41 at 8-12. However, Plaintiff acknowledges that the law is that the Court cannot substitute its own view for that of the agency (Doc. 41 at 8), but then Plaintiff goes on to do just what the standard prohibits – argue that the court substitute its own reasoning with Plaintiff's rational in support of Plaintiff's conclusion. As set forth in the Director's decision, the Director rejected Finneman's argument that "the entire statutory scheme" for federal crop reinsurance requires NAD to apply regulation 7 C.F.R. § 400.352(b)(4) even in the absence of a Section 20(i) in the 2017 policy. Doc. 38 at 19 (citing AR 001315 (Doc. 28-2, Part 9, at 71)). Plaintiff's argument was rejected, in part, because Defendants cannot go outside the four corners of the contract and insert a contract provision that was not provided for. Doc. 38 at 19. The Director also noted that § 33 of the 2017 WFRP Basic Provisions is unambiguous and "the Policy does not expressly provide for producers to obtain noncompliance determinations from RMA." Doc. 38 at 20 (citing AR 001315 (Doc. 28-2, Part 9, at 71) (citing Appeal Determination at 6, AR 001300 (Doc. 28-2, Part 9 at 56))). As previously articulated in Defendants' memorandum in support of it motion for summary judgment, the Director's rejection of the statutory argument, that it could not insert a contract provision that was not contracted for by the parties, its review of the regulations, and that the preemption provision in § 400.352(b)(4) applies were all conclusions that "a reasonable mind might accept" or conclusions that were not "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law." Doc. 38 at 17-23.

Review under the "arbitrary and capricious" standard is "searching and careful," but "narrow." *Marsh v. Or. Natural Res. Council*, 490 U.S. 360, 377-78 (1989). *See also Citizens to*

*Pres. Overton Park, Inc. v. Volpe*, 401 U.S. 402, 416 (1971). The ultimate question under this narrow standard of review is whether the agency's action was reasonable. *FCC v. Fox Television Stations*, 556 U.S. 502, 514-15 (2009). Even if a court were to find that an agency's decision is "less than ideal clarity." Courts should uphold a "decision [of] less than ideal clarity… if the agency's path may reasonably be discerned." *Alaska Dep't of Envtl. Conservation v. EPA*, 540 U.S. 461, 497 (2004). *See also Bowman Transp., Inc. v. Arkansas–Best Freight Sys., Inc.*, 419 U.S. 281, 286 (1974). The question is whether the agency's decision is "within the bounds of reasoned decision-making." *Balt. Gas & Elec. Co. v. Natural Res. Def. Council*, 462 U.S. 87, 105 (1983).  In addition, an agency's explanation need not be encyclopedically thorough. "[A] court may not reject an agency's stated reasons for acting simply because the agency might also have had other unstated reasons." *Dep't of Commerce v. New York*, 139 S. Ct. 2551, 2573 (2019).

Accordingly, as articulated in Defendants' memorandum in support of summary judgment, Plaintiff's argument that § 400.352(b)(4) requires FCIC to issue noncompliance decision should be rejected given the applicable legal standard under the APA, 5 U.S.C. §§ 706(2)(A) or (E) have been met.  As to Plaintiff's issue 1, judgment should be entered in Defendants' favor as a matter of law.

In addition, further supporting judgment in favor of the Defendants, "[w]hen we apply an agency regulation, a court should accord substantial deference to an agency's interpretation of its own regulation, unless the regulation violates the Constitution or a federal statute, or unless the interpretation is plainly erroneous or inconsistent with the regulation." (internal quotations omitted) (quoting *Coalition for Fair & Equitable Reg.,* 297 F.3d 771, 778 (8th Cir. 2002)). Plaintiff argues that the language in the parenthetical of 7 C.F.R § 400.352(b)(4) requires that

3

every contract have the 20(i) language and then accordingly FCIC could theoretically issue a noncompliance decision as to every contract. However, Plaintiff's argument actually ignores the language. The parenthetical states: "Nothing herein precludes such damages being imposed against the company [1] if a determination is obtained from FCIC [2] that the company, its employee, agent or loss adjuster failed to comply with the terms of the policy or procedures issued by FCIC and [3] such failure resulted in the insured receiving a payment in an amount that is less than the amount to which the insured was entitled." There are essentially three parts to meeting this exception, and part [1] says "*if* a determination is obtained." Essentially, Plaintiff is arguing that review should always apply contract or no contract. As stated previously, any issue relating to the regulations not considered below should be remanded for the agency's input. In addition, Plaintiff is attempting to write into the regulation that Plaintiff would always be entitled to review even if the contract did not allow for it. If that were the case, the regulation would have been written to state that. That is not what the regulation states. Nor does the regulation state that all program contracts must permit review. The Court is not permitted to substitute Plaintiff's view for the view of the agency, and Plaintiff's attempt at using statutory construction to argue that the agency's decision violated §§ 5 U.S.C. 706(2)(A) or (E) fails. *See* Doc. 38, Defendant's Memorandum in Support of Summary Judgment, at 17-23 (discussing the decision of the Director in light of the APA standards in more detail).

      Plaintiff's second argument in support of summary judgment is that if its "statutory construction substitute" for the agency's decision does not prevail that Plaintiff did not need the noncompliance decision in order to seek compensatory damages, punitive damages, attorney's fees, and costs in its other federal court case, Case No. 5:22-cv-05062-KES, it has pending before this Court. Doc. 41 at 12-13. Plaintiff is attempting to get this Court to rule on the issues

in its other federal case in this matter. Those issues are not before the Court in this case, and as set forth in Defendant's Memorandum in Support of Summary Judgment, Plaintiff lacks standing as to this issue and the damages he seeks. Doc. 38 at 6-9. The limited issue before the Court is whether the agency violated the applicable standard of the APA when it concluded it could not issue a noncompliance decision. Anything beyond that, the agency has not considered and would need to be remanded for the agency to weigh in on the issue. "Under the APA, review of an agency decision is limited." *Mandan, Hidatsa & Arikara Nation v. U.S. Department of the Interior,* 95 F. 4th 573, 579 (8th Cir. 2024). Agency decisions are given a high degree of deference. *Id.* (citing *Sierra Club v. EPA,* 252 F.3d 943, 947 (8th Cir. 2001) (citations omitted in original)). An agency decision which is supported "on any rational basis" must be upheld. *Id.* (citation omitted). "[I]n APA cases, the summary judgment standard functions slightly differently, because 'the reviewing court generally . . . reviews the [agency's] decision as an appellate court addressing issues of law.'" *Policy and Research, LLC v. United States Department of Health and Human Services,* 313 F.Supp.3d 62, 74 (D.D.C. 2018) (quoting *Henry v. Secretary of Treasury,* 266 F. Supp. 3d 80, 86 (D.D.C. 2017)). The Court "must limit its review to the 'administrative record' and the facts and reasons contained therein to determine whether the agency's action was 'consistent with the relevant APA standard of review.'" *Id.* (quoting *Ho-Chunk, Inc. v. Sessions,* 253 F. Supp. 3d 303, 307 (D.D. C. 2017) ("alternation, internal quotation marks, and citation omitted").

In addition, the cases which Plaintiff relies on in support of his second argument (Doc. 41 at 12-15) are not on point. The cases relied upon by Plaintiff are for the most part are disputes

5

between a farmer and an insurance company and are either about pre-contract actions[1] or occurred prior to the operative 2004 amendment to the preemption regulation 7 C.F.R. § 400.352.  The regulations promulgated in 1990 were substantially revised in 2004.  *See Owen v. Crop Hail Management, Inc.,* 841 F. Supp. 297 (W.D. Missouri 1994) (setting forth the history of FCIC reinsurance).  In 1990, the FCIC issued regulations that completely preempted all state laws.  *Owen,* 841 F. Supp. at 301 (citing 55 Fed. Reg. 23066, 23066-67 (1990)).  The 1990 regulation carved out a big exception to preemption when unauthorized actions by the insurance company are at play.  But in 2004, RMA/FCIC added the 20i requirement that essentially blacked extracontractual damages, unless RMA/FCIC opined the insurance company violated FCIC rules and procedures.  Given this significant regulatory change in 2004, pre-2004 cases considering preemption are not relevant because there was no analysis or interpretation of 20i and its impact on preemption issues.

Cases dealing with the type of issues which Plaintiff raises in his other federal case, Case No. 5:22-cv-05062-KES, are often split into allegations of pre-contract or post-contract behavior.  Plaintiff's arguments have focused on the latter.  Plaintiff has sought to obtain damages under the contract and relating to administration of the contract.  Plaintiff has not argued, for example, misrepresentation by the adjuster pre-contract.  Plaintiff is not arguing a tort of misrepresentation, mistake, etc.   However, despite that Plaintiff is not making those pre-

---

[1] See *Dixon v. Producers Agriculture Insurance Co.,* 198 F. Supp. 3d 832 (M.D. Tenn. 2016) (case involves what RMA refers to as "pre-contract" claims of negligent and intentional misrepresentation); *Pelzer v. Armtach Ins. Servs., Inc.*, 928 F. Supp. 2d 1071 (E.D. Ark. 2013) ("pre-contract" negligent misrepresentation claim was not preempted but breach of contact "post-contract behavior" claims were preempted); *Plants, Inc. v. Fireman's Fund Ins. Co.,* 2012 WL 3291805 (Tenn. Ct. App. Aug. 13, 2012) (noting "state tort claims for negligence, misrepresentation, and fraud do not arise from the policy of insurance itself but from alleged tortious actions taken prior to the agreement being made or that occur outside the scope of the policy;" claims of negligence and negligent misrepresentation are no preempted by federal law).

contract arguments and pre-contract behavior is irrelevant to the issue before the court in this case, most the cases Plaintiff is citing regard pre-contract actions or predate the preemption regulation (2004 amendments) at 7 C.F.R. § 400.352.  See, e.g., Rio Grande Underwriters, Inc. v. Pitts Farms, Inc., 276 F.3d 633, 685-86 (5th Cir. 2001) (2001 case so prior to preemption regulation change adding 20i to § 400.352); Meyer v. Conlon, 162 F.3d 1264, 1268-70 (10th Cir. 1998) (case occurred pre-2004 regulation change as to § 400.352; court ruled no preemption, but ruled against farmer because there was no misrepresentation, no breach of good faith, no abuse of process, and no intentional infliction of emotional distress); Williams Farms of Homestead, Inc. v. Rain and Hail Ins. Servs., Inc., 121 F.3d 630, 633 (11th Cir. 1997) (1997 decision MPCI policy was pre-2004 regulation change as to § 400.435); Holman v. Laulo-Rowe Agency, 994 F.2d 666, 669 (9th Cir.1993) (1993 - no preemption for agency's own errors); Wanamaker v. Lawson, 871 F. Supp. 2d 735,743 (E.D. Tenn. 2012) (no jurisdiction as to private insurance companies and complete preemption not apply to FCIC which is not the issue in Finneman's case; in addition, court relies on cases prior to 2004-regulation amendment); Skymont Farms v. North, 862 F. Supp. 2d 755, 764-65 (E.D. Tenn. 2012) (2012 case farmer v. agent; complete preemption not apply to FCIA where FCIC or Secretary of Agriculture named, but that is not Finneman's issue, the allegations are as to Pro Ag the AIP); Agre v. Rain & Hail, LLC, 196 F. Supp. 2d 905, 911-12 (D. Minn. 2002) (decision prior to 2004 regulatory amendment); Hyzer v. Cigna Prop. Cas. Ins. Co., 884 F. Supp. 1146, 1149-53 (E.D. Mich. 1995); (1995 decision pre-2004 regulation change; farmer v. AIP); O'Neal v Cigna Prop. Cas. Ins. Co., 878 F. Supp. 848, 850-52 (D.S.C. 1995) (1995 decision pre-2004 amendment); Dailey v. American Growers, Ins., 103 S.W. 3d 60, 66 (Ky. 2003) (2003 case, typographical error in brief and lists case as  2012; pre-2004 reg change to § 400.352); Hobbs v. IGF Ins. Co., 834 So. 2d 1069, 1071-75 (La. Ct.

App. 2002) (pre-2004 reg change to § 400.352; farmer v. AIP; federal law applied and government crop insurance did not pre-empt state law prohibition against arbitration clauses in insurance contracts); *Lyerly v. American Nat. Fire Ins. Co.,* 343 S.C. 401, 409-10 (Ct. App. 2000) (2000 decision which is pre-2004 regulation change to § 400.352).

    It should be noted that FCIC would not weigh in on such pre-contract arguments. Accordingly, as previously argued in its memorandum, Plaintiff lacks standing as to this argument.  In addition, the argument is not appropriate because Plaintiff is seeking to circumvent a ruling in its other federal matter and the cases relied upon are not on point.  Finally, if the Court were to conclude that the agency should have reviewed the matter for non-compliance it would need to remand for such a decision.

    Dated this 24th day of March, 2024.

ALISON J. RAMSDELL
UNITED STATES ATTORNEY

/s/ Stephanie C. Bengford
_____
STEPHANIE C. BENGFORD
Assistant United States Attorney
P.O. Box 2638
Sioux Falls, SD 57101-2638
(605) 330-4400
Stephanie.Bengford@usdoj.gov

8