UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| DAVID FINNEMAN,<br><br>      Plaintiff,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF AGRICULTURE, RISK MANAGEMENT AGENCY, and FEDERAL CROP INSURANCE CORPORATION,<br><br>      Defendants. | 5:23-cv-05034-KES<br><br>DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT |

      COMES NOW the Defendants, the United States Department of Agriculture ("USDA"), Risk Management Agency ("RMA"), and Federal Crop Insurance Corporation ("FCIC"), and, in accordance with Federal Rule of Civil Procedure 56, submit the following reply brief in support of Defendants' motion for summary judgment in this matter.

      In support of Defendants' motion for summary judgment and in response to all the arguments raised by Plaintiff in its response to Defendants' motion for summary judgment, Defendants incorporate their arguments and authority set forth in Defendants' Response to Plaintiff's motion for summary judgment (Doc. 44) and Defendants' memorandum in support of their motion for summary judgment (Doc. 38).

      In addition to relying on prior briefing in support of rejecting the arguments advocated in Plaintiff's response (Doc. 42), Defendants emphasize that this Court should reject Plaintiff's argument that if the FCIC is not obligated to make the determination in the parenthetical included in § 7 C.F.R. § 400.352(b)(4) that the parenthetical clause has no effect and such an effect is inconsistent with the statutory scheme.

      RMA/FCIC can itself review the performance of Approved Insurance Providers (AIPs) in their administration of the contract (*see e.g.* 7 U.S.C. § 1515) through refusal to reinsure,

administrative penalties etc.[1] The lack of an RMA determination enabling a producer's ability to seek damages beyond the correct indemnity does not leave the AIP free to behave lawlessly. A determination by RMA not to include the 20(i) provision in the contract does not defeat the statutory scheme, it just prevents a producer from seeking extra-contractual damages.  Especially for a new, pilot program,[2] 7 U.S.C. §1508(a)(1),  pushed out to an AIP to administer, 7 U.S.C. §1507(c), allowing producers to add additional, non-indemnity claims against AIPs (possibly punitively, possibly to promote settlement on more favorable terms) while RMA is accumulating actuarial and other data[3] and adjusting the insurance product, could expose AIPs to risk of extra costs (which are not reinsured), instead of  RMA/FCIC supervision of the AIPs' attempt to comply with the provisions of the new product.  Omitting 20(i) from the contract could reflect an RMA/FCIC policy determination that the new program was not developed and processes were not finalized enough to facilitate private party (producer) actions for non-indemnity claims.

In addition, the statute gives RMA flexibility to develop contracts that are suitable to the insurance product.  The preemption statute, 7 C.F.R. § 400.352, does not require that RMA provide the regulatory parenthetical, that Plaintiff is advocating must be included, and RMA did not, for

---

[1] See, e.g., 7 U.S.C. § 1515(h) (sanction for program noncompliance); 2 C.F.R. parts 180 and 417 (Debarment and Suspension), 31 U.S.C. §§3801-3831 as implemented by 7 C.F.R. Part 400 subpart R (Program Fraud Civil Remedies Act and implementing administrative remedies for non-compliance regulations); as well as provisions in the Standard Reinsurance Agreement, see www.rma.usda.gov providing examples of Standard Reinsurance Agreements and Archived Standard Reinsurance Agreements, executed between the FCIC and each AIP (Compliance and Corrective Action in Section IV(h), Suspension in Section IV(i), and Termination in Section IV(j)).
[2] See Administrative Record 000133 at Doc. 25, p. 139 (referencing Whole-Farm Revenue Protection pilot).
[3] See. e.g., 7 USC 1508(a)(1) (provides FCIC can develop insurance plans "if sufficient actuarial data are available"); 7 U.S.C. § 1506(n) (requires it to aim for actuarial soundness).

whatever reason, in Plaintiff's contract, include a clause enabling it to allow producers to add state/local claims.  7 U.S.C. § 1506(l) states:

> **(l) CONTRACTS**
> The Corporation[4] may enter into and carry out contracts or agreements, and issue regulations, necessary in the conduct of its business, as determined by the Board. State and local laws or rules shall not apply to contracts, agreements, or regulations of the Corporation or the parties thereto to the extent that such contracts, agreements, or regulations provide that such laws or rules shall not apply, or to the extent that such laws or rules are inconsistent with such contracts, agreements, or regulations.

FCIC is also simultaneously mandated to contract out to AIPs and others whenever and whatever it can. *See, e.g.,* 7 U.S.C. § 1507(c).  In addition, RMA has other means for it to sanction misbehaving AIPs. *See., e.g.,* 7 U.S.C. 1515(h).

Why the 20(i) provision was not included in Plaintiff's contract did not need to be considered below because the Director concluded that RMA properly declined to issue a determination that the AIP failed to comply with Finneman's 2017 policy or agency rules.  However, based upon the foregoing, in response to Plaintiff's argument, lack of a 20(i) provision does not limit all RMA/FCIC's review of AIPs misbehavior and defeat the statutory scheme as Plaintiff is implying.  Its limit is that a producer cannot seek extra-contractual damages.

Dated this 7th day of May, 2024.

ALISON J. RAMSDELL
UNITED STATES ATTORNEY
/s/ Stephanie C. Bengford
_____
STEPHANIE C. BENGFORD
Assistant United States Attorney
P.O. Box 2638
Sioux Falls, SD 57101-2638
(605) 330-4400
Stephanie.Bengford@usdoj.gov

---

[4] 7 U.S.C. § 1502(b)(5) defines "Corporation" as "Federal Crop Insurance Corporation established under section 1503 of this title."